**STATE of Missouri, Respondent,**

v.

**Timothy CREWS, Appellant.**

**No. 41073.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied
Dec. 15, 1980.

Leonard W. Buckley, Jr., St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of robbery, kidnapping, and armed criminal action. The trial court assessed consecutive sentences under the Second Offender Act at thirty years, ten years, and thirty years, respectively.

We reverse the armed criminal action conviction as mandated by *Sours v. State*, 603 S.W.2d 592 (Mo.banc 1980) *(Sours II)*. We affirm the robbery and kidnapping convictions.

Defendant asserts the evidence at trial showed the seizure, detention, and asportation of the victim was merely incidental to the crime of robbery and therefore the evidence was insufficient to prove the intent to secretly confine—a required element of kidnapping. Kidnapping is the forcible seizure, confinement, inveiglement, or enticement of another with the intent to asport or secretly confine the other against his will. *State v. Gormon*, 584 S.W.2d 420, 425 (Mo.App.1979); *State v. Johnson*, 549 S.W.2d 627, 631 (Mo.App.1977). Defendant relies on *People v. Levy*, 15 N.Y.2d 159, 204 N.E.2d 842, 256 N.Y.S.2d 793 (1965), *modified*, 15 N.Y.2d 910, 206 N.E.2d 653, 258 N.Y.S.2d 646 (1965), *cert. denied*, 381 U.S. 938, 85 S.Ct. 1770, 14 L.Ed.2d 701 (1965). In *Levy*, the defendant forced his way into a car and in the course of a twenty minute ride robbed the occupants of the car. The *Levy* court held the defendant was guilty of robbery but not guilty of kidnapping as the detention of the victims was only incidental to the robbery. *Levy, supra*, at 204 N.E.2d 843–45, 256 N.Y.S.2d 795–97. The present facts evidence a more extensive asportation and confinement.

The victim was leaving a P.T.A. meeting at a school on Kingshighway and Reber in St. Louis, Missouri, about 8:30 in the evening. She was grabbed by defendant and another man. Defendant pointed a gun at her right temple and told her he would blow her head off. The victim offered her car keys and purse to her assailants. She asked them to leave her alone and informed them she was two months pregnant. They took $34.00 from her purse and then knocked her down before pushing her into her car. Defendant drove the three of them down Kingshighway, turned on to Interstate 44, and then drove west. The two men discussed holding her for ransom in order to get money from her husband. They returned to the school and forced her to crouch on the floor of the car while in the vicinity of the school. Defendant's accomplice picked up another car. After a service station stop, the two cars proceeded into Jefferson County, Missouri, where the victim was forced to get into the other car. The victim was then driven back to St.

Louis where she was left with her car at the Jamieson exit on Interstate 44. This evidence supports the conviction of two separate crimes–robbery and kidnapping. *Gorman, supra; Johnson, supra.*

 Defendant also contends the trial court erred in not striking two veniremen for cause by reason of bias on the part of the veniremen. One venireman knew one of the state's prospective witnesses and a St. Louis County police officer. The other knew George Peach, St. Louis Circuit Attorney. Both said they were not biased and could give the defendant a fair trial. We find no error. *State v. Eaton,* 504 S.W.2d 12, 17 (Mo.1973); *State v. Cuckovich,* 485 S.W.2d 16, 22–23 (Mo.banc 1972); and *State v. Shoemaker,* 183 S.W. 322, 324 (Mo.1916). Since the answers by the veniremen were not equivocal, the trial court had no duty to question the veniremen further about any possible bias. *State v. Carter,* 544 S.W.2d 334, 337 (Mo.App.1976).

The armed criminal action conviction is reversed. The robbery and kidnapping convictions are affirmed.

DOWD, P. J., and REINHARD, J., concur.