showed the facts as we have stated them above.

The judgment is affirmed.

All concur.

STATE of Missouri, Respondent,

v.

**Chester L. ARNETTE, Appellant.**

**No. WD 35466.**

Missouri Court of Appeals,
Western District.

Nov. 27, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied
Jan. 29, 1985.

Application to Transfer Denied
April 2, 1985.

Roy W. Brown, Bruce B. Brown, Kansas City, for appellant.

Michael A. Insco, Buchanan County Pros. Atty., Weldon C. Judah, Asst. Pros. Atty., St. Joseph, for respondent.

Before CLARK, P.J., and NUGENT and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

Appellant was charged in two counts with the offenses of operating a motor vehicle while his license was under suspension, a violation of § 303.370.3, RSMo.[1] and with operating a motor vehicle while in an intoxicated condition, a violation of § 577.-010. A jury returned guilty verdicts on both counts and appellant was sentenced to a fine and a prison term.

The events leading to appellant's arrest occurred June 26, 1983. A St. Joseph police officer observed appellant driving an automobile in an erratic fashion and in excess of the posted speed limit of 40 miles per hour at the location. The officer stopped appellant and, upon detecting the odor of alcohol about appellant's person, the officer took appellant into custody. A breathalyzer test administered thereafter recorded a blood alcohol content of .17 per

---

1. All references are to RSMo.1978.

cent. As to the sufficiency of this evidence, the test results and the officer's observations, to support the conviction for driving while intoxicated, appellant makes no complaint.

■ The charge of operating a motor vehicle while under license suspension involved proof of appellant's driving record as certified by the Missouri Department of Revenue. This aspect of the case leads to a discussion of appellant's first point on appeal. He contends a verdict should have been directed in his favor as to the charge of driving while his license was suspended because the state failed to adduce proof sufficient to support the elements of the offense as charged. We agree.

Prosecution of appellant as to the count of the license violation was based on a traffic ticket issued to appellant by the arresting officer. The ticket showed the charge to be a violation of § 303.370 in that appellant did "operate motor vehicle while Driver's License is suspended." An attempt by the state to amend the charge as trial commenced was denied by the court and the state elected to proceed on the count as described in the ticket.

Chapter 303 is the Motor Vehicle Safety Responsibility Law. Section 303.030 provides for the suspension of operator's license and motor vehicle owner registrations where, after a required report of a motor vehicle accident is received, acceptable evidence of financial responsibility is not filed. Under § 303.370, it is an offense for any person, whose operator's license has been suspended or revoked for failure to comply with the safety responsibility law, to drive any motor vehicle upon a highway. To establish the charge here that appellant had violated § 303.370, as the traffic ticket charged, it was necessary for the state to prove that appellant's driving license had been suspended because of his failure to provide proof of financial responsibility.

The evidence in the case, relevant to the charge upon which appellant was tried, consisted of a copy of a notice from the Missouri Department of Revenue to appellant advising of "Resuspension For Failure To Maintain Proof Of Financial Responsibility Filing." In particular, the notice stated that appellant's privilege to use any motor vehicle owned by him and registrations evidencing such privilege were suspended as of January 13, 1983. Although the form notice included a section applicable to driving license suspensions, that portion was not shown applicable in appellant's case. There was no proof appellant's driver's license had ever been suspended for failure to prove financial responsibility.

The state's case as to Count I fails because it was an essential element of the charge to prove that on June 26, 1983, appellant's operator's license was under suspension for failure to prove financial responsibility as required by Chapter 303. The most that the driving record showed was that appellant was prohibited at the time from using any motor vehicle owned by him. That proof made no case, first because appellant was not charged with a vehicle license registration violation and, second because there was no proof the car he was driving when arrested was owned by him.

■ It cannot escape notice from the entirety of appellant's driving record that on November 29, 1982 appellant's operator's license was revoked pursuant to § 302.304 for one year for various violations including driving while intoxicated. That record would appear to have been sufficient to make a prima facie case against appellant for violation of § 302.321. An offense against Chapter 302, however, was not charged and therefore proof that appellant's license had in fact been revoked in accordance with § 302.304.3 was inadmissible to support the charge that appellant had violated a license suspension imposed under Chapter 303. The state tacitly recognized this limitation and made no attempt to inform the jury as to the license revocation actually in effect when appellant was arrested. The jury's information was limited to the evidence of automobile registration suspension imposed for lapse of liability insurance coverage.

In short, the failure of the state to prosecute a charge consistent with the evidence as to driver's license revocation and a failure to produce proof essential to the charge which was prosecuted necessitates reversal of appellant's conviction as to Count I.

In his second point, appellant complains of the failure of the court to impose the sanction of witness exclusion for failure of the state to provide pre-trial discovery in accordance with Rules 25.03 and 25.07. The state called two witnesses at trial, the arresting officer, Daffron, and the officer who administered the breathalyzer test, Lewis. Appellant asserted at trial and he again argues here that neither witness should have been permitted to testify. He says the state did not provide good faith discovery in response to appellant's request because (1) the state's response consisted only of the condemned "open file" practice, *State v. Moore*, 645 S.W.2d 117 (Mo.App. 1982), (2) the state did not list the names of witnesses it intended to call at trial and (3) such response as the state did make was untimely.

We agree that the state's performance under the duty to provide discovery was less than forthright in this case, but appellant was also tardy in seeking his remedies. He did not present his request for discovery within the time specified in Rule 25.02 and he failed to seek the court's aid under Rule 25.16 to compel disclosure or to obtain a continuance. Instead, he waited until the commencement of trial and then attempted to suppress the state's evidence. The respective shortcomings of the parties with respect to discovery, however, need not be weighed to reach a decision on the point.

■ Appellant's complaint focuses on testimony of the two witnesses, Daffron and Lewis, and on the breathalyzer test report. He contends the state did not inform him in advance of trial that these two, among the several names of potential witnesses in the state's file, would be the persons actually called to testify and he says the breathalyzer report was not in the state's file until shortly before trial. These assertions are undoubtedly correct, but appellant has not supported his point by any showing of prejudice from the non-disclosure.

■ In order to prevail on a claim that the trial court abused its discretion in failing to exclude evidence not properly revealed pursuant to a request for disclosure, it must appear that the result was fundamentally unfair to the defendant, that is, that prior discovery would have affected the result of the trial. *State v. Mansfield*, 668 S.W.2d 271 (Mo.App.1984). Appellant appears to assume that non-disclosure alone warrants the sanction of evidence exclusion and, consequently, he urges here no showing of demonstrable prejudice. The point must fail on this account.

Appellant was obviously aware of the identities of the arresting officer and the officer who administered the breath test and the fact of a test report. The use of these witnesses and evidence were to be anticipated as the only viable options for the state to prove its case. Appellant claims no surprise that the witnesses were produced and points to no different approach he would have taken to trial preparation had he received the discovery at any earlier time. There is simply no ground to claim that the failure of discovery affected the result of the trial. That being so, there was no fundamental unfairness and no abuse of the trial court's discretion in its failure to exclude the evidence.

■ In his next point, appellant charges that the trial court abused its discretion in failing to strike three members of the jury panel for cause. The challenge was based on the voir dire answers of two who were acquainted with the prosecuting attorney of Buchanan County and one who had been a friend of Officer Lewis in high school some fifteen years earlier. Appellant contends the failure to strike these persons from the panel denied him a venire unbiased as to his cause.

This case involves facts almost identical to those in *State v. Crews*, 607 S.W.2d 759

**8** 

(Mo.App.1980), *vacated* 452 U.S. 957, 101 S.Ct. 3103, 69 L.Ed.2d 968, *on remand* 619 S.W.2d 78 (Mo. banc 1981). Here as there the veniremen said they were not biased and could give defendant a fair trial. The answers were unequivocal and no bias was shown. Appellant was not entitled to have the panel members stricken on the mere fact of their acquaintance with a witness in the one instance and with the county prosecuting attorney in the other.

Finally, appellant complains that the charging documents consisting of the two traffic tickets were fatally defective and did not function to give the circuit court jurisdiction over him because the court named on the tickets was the Municipal Court of St. Joseph, Missouri. He relies on Rule 21.04 and candidly acknowledges finding no case authority in point.

The record on appeal indicates that on June 27, 1983, appellant was arraigned in the Buchanan County Circuit Court on the two misdemeanor charges, he entered pleas of not guilty and was released on a surety bond. The traffic tickets were filed with the circuit court concurrently with appellant's appearance.

 This contention regarding jurisdiction was raised for the first time in appellant's motion for a new trial. He obviously does not contend the court designation shown on the tickets lead him to the wrong court nor does he assert that any proceedings ever did occur in the municipal court designated on the tickets. The defect was in form only and should and could have been rectified if noted when the tickets were filed as de facto complaints. A defect of this nature is waived when the accused proceeds to trial without objection, as did the appellant. *State v. Frankum*, 425 S.W.2d 183, 187 (Mo.1968). Moreover, there is no claim that appellant suffered any prejudice to substantial rights and he is therefore not entitled to any relief. Rule 23.11.

The judgment and sentence under Count I, operating a motor vehicle while a driver's license is under suspension is reversed. The judgment and sentence under Count II, operating a motor vehicle while in an intoxicated condition is affirmed.

All concur.