**STATE of Missouri, Respondent,**

v.

**Thomas J. KAYSER, Appellant.**

**No. 53999.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 17, 1989.

R.G. Costantinou, St. Louis, for appellant.

Gary M. Siegel, Asst. Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Defendant appeals from his jury conviction of resisting arrest, a Class A misdemeanor, for which he was sentenced to thirty days in the county jail and fined $100. We affirm.

Because defendant failed to file a motion for new trial, he has preserved nothing for appellate review. Rule 29.11(d); *State v. Hanes,* 729 S.W.2d 612, 615[2] (Mo.App. 1987). Nevertheless, we have reviewed the record for plain error pursuant to Rule 29.12(b).

In his first point, defendant argues the trial court erred in failing to impose sanctions pursuant to Rule 25.16 for the State's failure to furnish discovery as requested. There is conflict in the record as to whether or not the State complied with defendant's discovery request. The assistant prosecutor stated he had no memory of furnishing the material requested, but added his file indicated the materials were furnished. Defense counsel did not remember and had no record of receiving the same.

Even assuming discovery was not supplied, we find no manifest injustice resulted therefrom. Although the request for discovery was filed months before trial, defendant never sought a court order to compel discovery, but instead waited until the day of trial to seek sanctions. The record discloses no evidence that prior discovery would have affected the result of defendant's trial. *See State v. Arnette,* 686 S.W. 2d 4, 7[4] (Mo.App.1984).

Defendant's second point on appeal reads as follows:

The court also denied the appellant his fundamental rights to due process and a fair trial in violation of the 5th Amendment to the US Constitution and Article 1 Sec: 10 of the Missouri Constitution, and thus the facts, the errors, the plain error, and the courtroom circumstances so clearly violative of his rights demand that his conviction be set aside and a verdict of acquittal entered.

This point relied on violates Rule 30.06(d) to such an extent it preserves nothing for review. We have reviewed the record for plain error and find none.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.