Ronald PUCKETT, Appellant,

v.

STATE of Missouri, Respondent.

No. 56761.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 9, 1990.

Donald J. Hager, Public Defender, Farmington, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillers, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant was charged with and found guilty of burglary second degree and stealing. He received two sentences of seven years, to run consecutively. This court affirmed movant's direct appeal, *State v. Puckett*, 691 S.W.2d 491 (Mo.App.1985), and movant later filed a Rule 29.15 motion for post-conviction relief. This motion was denied without an evidentiary hearing and movant appeals from this denial.

Movant's sole point on appeal concerns the information filed by the state. That document in part charged that movant committed burglary second degree in that he "entered unlawfully in an inhabitable structure ... for the purpose of committing stealing therein." Movant claims the information was defective in that it did not use the term "knowingly", which is an element of burglary second degree, § 569.170

RSMo 1986, and thus the trial court did not have jurisdiction over the cause.

 Because the sufficiency of an indictment or information is jurisdictional, it may be raised for the first time in a post-conviction relief motion, but such a claim will reverse the conviction only if the indictment or information is so defective that by no reasonable construction can it be read to charge the movant with the offense for which he was convicted. *Blackmon v. State,* 639 S.W.2d 127, 128 (Mo.App.1982). The motion judge found that the information was "not so fatally flawed as to deprive the trial court of jurisdiction." On appeal, we may only review the motion court's decision to determine if it was clearly erroneous. Rule 29.15(j).

 A sufficient information must contain all the essential elements of the offense and must clearly inform defendant of the facts constituting the offense. *State v. Brown,* 660 S.W.2d 694, 698 (Mo. banc 1983). If an information does not set out all the essential elements, they cannot be supplied by intendment or implication. *State v. Gilmore,* 650 S.W.2d 627, 629 (Mo. banc 1983). Where the word "knowingly" is omitted from an indictment or information, it will not be invalid if it factually pleads a knowing mental state. *State v. Turner,* 705 S.W.2d 108, 109 (Mo.App. 1986).

 In the case at bar, the information did factually plead a knowing mental state. An indictment omitting the term knowingly was upheld in an almost identical situation in *State v. Nash,* 621 S.W.2d 319, 324 (Mo. App.1981). Certainly the information was not so defective that it could not reasonably be construed to inform movant of the charges against him. We cannot hold that the motion court was clearly erroneous.

Judgment affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge concur.