**STATE of Missouri,
Plaintiff–Respondent,**

v.

**James TALBERT, Defendant–Appellant.**

**James TALBERT, Plaintiff–Appellant,**

v.

**STATE of Missouri,
Defendant–Respondent.**

**Nos. 55117, 57685.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 28, 1990.

Raymond Legg, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of two counts of selling cocaine, a controlled substance and his two consecutive seven year sentences imposed by the court. He also appeals from the dismissal of his Rule 29.15 post-conviction motion without an evidentiary hearing.

Defendant was convicted of two sales of cocaine to undercover police officer Gertrude Towns. The first sale occurred on December 18, 1986. Towns, accompanied by an informant, went to defendant's home to purchase cocaine. Defendant obtained the cocaine and gave it to his wife who weighed it and packaged it for delivery to Towns. The second sale occurred on March 18, 1987, when Towns returned to the house and purchased an additional amount of cocaine directly from defendant. Defendant in his testimony identified the informant as Patricia Doltin, a girl friend of his.

 On his direct appeal defendant premises error solely on comments of the prosecutor made during the closing portion of argument. The trial court sustained defendant's objection to the argument and directed the jury to disregard the argument. The court refused to grant a mistrial. We find no error in the trial court's action. The argument was retaliatory in nature. Argument in retaliation may go further than would be allowed in the first instance. *State v. Murphy*, 739 S.W.2d 565 (Mo.App.1987) [14, 15]. The trial court has wide discretion in controlling argument and we accord great deference to that discretion. *Id.* We are unable to find an abuse of discretion in the actions taken by the trial court here. We find no merit to this point.

 In defendant's post-conviction amended motion he premised relief upon ineffective assistance in failing to call three witnesses to testify. The allegations were:

"Trial counsel was ineffective in that she failed to contact, subpoena and/or call at trial. Homer Mullins, Iveal Travis and Patricia Doltin whose names and addresses movant provided. Homer Mullins, movant's insurance agent, would have disputed Detective Towns. He would have testified that he was present at movant's residence on at least one occasion when Detective Gertrude Towns was there and that he was there to col-

lect insurance money from movant, not to purchase drugs. He would have further testified that he observed no sale of cocaine to Towns. Iveal Travis, a/k/a Red, would have testified that she did not sell drugs to Towns and was not present when movant allegedly sold drugs to Towns. Patricia Doltin would have testified that she was the police informant. She would have further testified that she was angry at "Theresa," Towns, and that to get even with Towns, Patricia Doltin brought cocaine to movant's home and hid it in a magazine. Additionally, she would have testified that movant did not have knowledge that the cocaine was on his premises nor did he consent to the cocaine being on his premises. Had trial counsel called Homer Mullins, Iveal Travis and Patricia Doltin to testify, the credibility of Officer Towns would have been greatly diminished." [1]

The trial court in its conclusions of law held that since Mullins was an endorsed witness the failure to call him was a matter of trial strategy and not the basis for a charge of ineffectiveness of counsel. While we have liberally applied the "trial strategy" concept, there are limits to its invocation. The allegations in the motion indicate that Mullins would testify that on one of the occasions when a sale took place he was present and saw no transaction. There is no explanation of why he was not called as a witness. In the absence of an evidentiary hearing there is no basis for determining what the reason for failure to call Mullins was. His testimony, if as alleged, was certainly important to the defense.

The trial court concluded as to Doltin that she was not endorsed as a witness and that counsel had sought unsuccessfully to learn her identity from the state. The court concluded counsel had used reasonable efforts to discover the witness. We think that misses the point. Defendant identified the informant during his testimony at trial. She was not an unknown witness to the defense. Without an evidentia-

---

1. In his original motion, incorporated into his amended motion, defendant identified Iveal Travis as his wife.

ry hearing it cannot be determined what her testimony would be, and whether she would testify as alleged in the motion.

The court concluded that as to Travis her testimony would have impeached the testimony of the state's witness, Towns, and in that situation no evidentiary hearing is required. The testimony alleged in the motion was considerably more than impeachment. Towns testified defendant's wife was an active participant in the first sale. The testimony alleged to be available from her was that she did not sell drugs to Towns and was not present. If believed, such testimony would have refuted Towns' testimony of the transaction.

The allegations in the post-conviction motion were not refuted by the record, the allegations stated facts not conclusions, and the allegations if true could alter the outcome of the trial. The trial court erred in dismissing the Rule 29.15 motion without an evidentiary hearing.

Judgment of conviction affirmed.

Order dismissing Rule 29.15 motion is reversed and that cause is remanded for further proceedings.

SATZ, P.J., and GRIMM, J., concur.