STATE of Missouri,
Plaintiff/Respondent,

v.

Marlow HODGES, Defendant/Appellant.

Marlow HODGES, Movant/Appellant,

v.

STATE of Missouri, Respondent.

Nos. 54770, 69225.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 24, 1992.

Raymond L. Legg, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

1. Throughout the transcript and legal file, three different spellings of Hodges' first name, Marlowe, Marlow, and Marlo, are used interchangeably.

STEPHEN N. LIMBAUGH, Jr., Special Judge.

Appellant, Marlow Hodges,[1] was convicted by a jury in the Circuit Court of St. Louis City of robbery in the first degree, § 569.020,[2] unlawful use of a weapon (carrying a concealed weapon), § 571.-030(1), three counts of felonious restraint, § 565.120, and four counts of armed criminal action, § 571.015. On April 22, 1988, the trial court sentenced Hodges to a total of 35 years imprisonment for the nine offenses. On November 11, 1988, Hodges filed for post-conviction relief under Rule 29.15. The convictions on direct appeal are affirmed. The Rule 29.15 motion is remanded to the trial court with instructions.

The convictions were based on the following evidence, adduced by the State at trial. On March 11, 1987, about 2:30 a.m., Elton Underwood, Byron Steward, and Barbara Lowery left the Ten Grand Flamingo Lounge in St. Louis and walked to Underwood's car, a short distance away. As they entered the car, Steward in the driver's seat and Underwood and Lowery in the rear seat, the appellant, Marlow Hodges, approached. Before the rear door could be closed, Hodges asked the trio if any of them did "blow" (the vernacular for cocaine). When they replied, "no," Hodges drew a .38 caliber revolver from his jacket, pointed it at Underwood's head, ordered him to scoot over in the back seat, and sat down beside him. Hodges then turned the gun on Steward and told him to pull out of the parking lot.

They traveled to Goodfellow Boulevard, where, at Hodges' command, Steward parked the car, turned off the lights, and left the engine engaged. Brandishing the revolver, Hodges demanded that Underwood and Lowery turn over all of their money and jewelry. Lowery said that she had none, but Underwood surrendered four rings, three necklaces, and two medallions. While this was occurring, two police officers in a patrol car drove alongside the

2. All statutory references are to RSMo 1986.

Underwood car. They noticed Lowery motioning to them with her hand. Immediately, Hodges ordered Steward to drive away and the police gave chase. Finally, Hodges ordered Steward to stop the car and said to him, "When I get out of the car you pull off as fast as you can." When the car was stopped, Hodges tucked the gun in his waistband and under his jacket and walked toward the officers. He told them, "I've been robbed; these people in the car just robbed me." The victims also exited the car and yelled hysterically that they had just been robbed. At that point, Hodges tried to flee, but the officers subdued him. They found the gun, the four rings, the three necklaces, and two medallions on his person.

## DIRECT APPEAL

■ Hodges first complains that Counts VI, VIII, and X of the indictment, all charging armed criminal action, are fatally defective because in each, the underlying felony offense, an essential element of the crime charged, was omitted. The pertinent part of the armed criminal action charge in Count VI follows:

> The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 571.015, RSMo, committed the Class A felony of armed criminal action, ... in that on the 12th day of March, 1987, in the City of St. Louis, State of Missouri, the defendant committed the felony of felonious restraint charged in Count V, all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of robbery first degree by, with, and through the use, assistance and aid of a deadly weapon.

The armed criminal action charges in Counts VIII and X are identical except for their reference to a different number for each preceding count of felonious restraint. Requisite to a charge of armed criminal action is an allegation that defendant committed an underlying felony offense. Section 571.015.1. The underlying felony offenses to the armed criminal action charges in Counts VI, VIII, and X are the allegations of felonious restraint of Elton Underwood, Barbara Lowery, and Byron Steward, contained in Counts V, VII and IX, respectively.

At first glance, the "foregoing felony" is "felonious restraint," incorporated by reference from the preceding count. That the "foregoing felony" is then described as "robbery first degree" creates an obvious ambiguity. Hodges argues it is more than mere ambiguity. He contends that the descriptive phrase "of robbery first degree" after the words "foregoing felony" constitutes a failure to allege the underlying felony; i.e., the actual felony alleged to have been committed, "felonious restraint," must be inserted in place of "robbery first degree" in order for the trial court to have jurisdiction to proceed on the charge. We disagree.

■ "The purpose of an indictment or information is to inform the accused of charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal." *State v. O'Connell*, 726 S.W.2d 742, 766 (Mo. banc 1987). "The test for sufficiency of an indictment is 'whether it contains all essential elements of the offense as set out in the statute [creating the offense] and clearly apprises defendant of facts constituting the offense.'" *Id.* (citing *State v. Brown*, 660 S.W.2d 694, 698 (Mo.banc 1983)). Reversal is required "only 'if the indictment or information is so defective that by no reasonable construction can it be read to charge the [defendant] with the offense for which he was convicted.'" *State v. Westrich*, 800 S.W.2d 78, 79 (Mo.App.1990) (citing *Puckett v. State*, 782 S.W.2d 454, 455 (Mo.App. 1990)). Further, Rule 23.11 provides, "No indictment or information shall be invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, because of any defect therein which does not prejudice the substantial rights of the defendant."

Reasonably construed, the information charges Hodges with committing the felony of felonious restraint with a deadly weapon. While the information is ambiguous on its face, any question about the

proper underlying felony may be resolved by considering the express and unequivocal declaration of Counts VI, VIII, and X that "the defendant committed the felony of felonious restraint charged in [Counts V, VII, and IX]." The only "foregoing felony" is the felony incorporated by reference, the felony of felonious restraint pleaded in Counts V, VII, and IX. There is no "foregoing felony" of robbery first degree.

■ Hodges argues that the language charging him with felonious restraint is surplusage; the State argues the phrase "of robbery first degree" is surplusage. As the name implies, surplusage is the inclusion of words or phrases which are unnecessary to charge the statutory elements of the offense. *See e.g., Fults v. State,* 779 S.W.2d 688, 689 (Mo.App.1989); *State v. Henderson,* 750 S.W.2d 507, 512–13 (Mo.App.1988). Hodges argues that after deleting the surplus charge of felonious restraint, Counts VI, VIII, and X fail to allege the felony of robbery in the first degree with requisite specificity to support the armed criminal action charge. However, we agree with the State and believe the only reasonable construction of the Counts is to treat the language charging robbery in the first degree as surplusage: thus, when reasonably construed, Counts VI, VIII, and X charge Hodges with "committing the foregoing felony (that being felonious restraint, incorporated by reference from Counts V, VII, and IX) by with and through the use ... of a deadly weapon."

When Counts VI, VIII, and X are read in their entirety and in conjunction with Counts V, VII, and IX, they fulfill their function "to place defendant on notice of the charges against him and to recite the essential facts supporting those charges," *Westrich,* 800 S.W.2d at 80. Hodges has suffered no prejudice.

The only other point of error on direct appeal is a challenge to the sufficiency of the evidence on Count VII, the felonious restraint of Barbara Lowery. A review of the transcript clearly indicates the State presented ample evidence to support the conviction. An extended opinion would have no precedential value. Point denied.

## RULE 29.15 PROCEEDINGS

On November 1, 1988, Hodges filed a timely post-conviction relief motion under Rule 29.15. A supplemental pro se motion, filed on August 15, 1990, alleged, inter alia, that trial counsel was ineffective for failing to call an essential witness. This ground for relief was not raised in the original motion. It was not until January 8, 1991, that a lawyer was assigned to represent Hodges on these post-conviction relief matters.[3] Counsel submitted a memorandum to the court on February 19, 1991, in which she elected to stand on the pro se motion without amendment. Findings of fact and conclusions of law and an order overruling the motion without an evidentiary hearing were issued on April 12, 1991. Hodges claims that the trial court erred in this ruling.

■ Of the several reasons counsel lists in the memorandum to support her decision not to file an amended motion, none address the claim of ineffective assistance of counsel raised in the supplemental pro se motion. Although the exclusive means for perfecting a claim of ineffective assistance of counsel is through a Rule 29.15 motion, and such a claim will not lie on direct appeal, *State v. Wheat,* 775 S.W.2d 155 (Mo.banc 1989), motion counsel erroneously concluded "that Movant's claims would be best raised on direct appeal." Likewise, the motion court, in its findings of fact and conclusions of law, omitted any mention of the ineffective assistance of counsel charge and ruled that all claims presented were for direct appeal.

■ For a movant to be entitled to an evidentiary hearing (1) the post-conviction relief motion must include facts, not conclusions which, if true, would entitle movant to relief; (2) the factual allegations

---

**3.** The direct appeal is prosecuted in forma pauperis, and the court appointed counsel for that portion of the appeal on May 18, 1988.

must not be refuted by the record; and (3) the matters complained of must prejudice the movant. *State v. Talbert*, 800 S.W.2d 748, 750 (Mo.App.1990); *State v. Galvan*, 798 S.W.2d 185, 191 (Mo.App.1990). Where the claim is ineffective assistance of counsel for failing to call a witness, "movant must prove: 1) the witness could have been located through reasonable investigation; 2) the witness would have testified if called; and 3) the testimony of said witness would have presented a viable defense." *Harry v. State*, 800 S.W.2d 111, 115 (Mo. App.1990).

■ In the supplemental pro se motion, Hodges alleges that trial counsel knew where to locate the witness in question, but made no effort to subpoena her. Nevertheless, he states that the witness, Ms. Randle, went voluntarily to the lawyer's office on the day before trial and inquired about the trial date and the time of her appearance. There, he adds, she was told by the lawyer's secretary that she would not be needed for trial. He concludes that had Ms. Randle been called as a witness, she would have, "rebutted the victims' claim as to denying the fact that the three of them, including the girl, were all out partying together on the morning the alleged crime were [sic] to have occurred," and would have testified "that movant and the victims were all out together."

Hodges' allegations are "facts, not conclusions, which, if true, would entitle him to relief." *State v. Talbert, supra; State v. Galvan, supra.* From the face of the motion, it appears that the witness was available and willing to testify. Moreover, Ms. Randle's observation that Hodges socialized with victims the morning of the robbery is obviously inconsistent with the trial evidence that Hodges, a total stranger, robbed them at gunpoint. Given the main thrust of Hodges' trial defense—that the victims fabricated the story—the evidence from Ms. Randle would have "presented a viable defense." *Harry, su-*

*pra.* Hodges, therefore, was prejudiced by counsel's failure to procure Ms. Randle's testimony.

The State's argument, that the trial record refutes Hodges' claim of Ms. Randle's availability and willingness to testify, cannot be substantiated. The trial judge conducted a brief, post-trial hearing pursuant to Rule 29.15 in which she interrogated Hodges and his lawyer to determine if there was probable cause of ineffective assistance of counsel. Hodges, apparently referring to Ms. Randle, complained that the "young lady that was a witness stated that she had come to my attorney's office at which time she was told that she was not needed." Trial counsel acknowledged that after several telephone contacts with the witness on the second or third day of trial that she did indeed appear at his office. He added, however, that his secretary advised the witness "to come to court," but the witness replied that she had no means of transportation.

■ This is not a case where the witness could not be located, and her visit to the lawyer's office is a significant indication that she would have testified if called. But in view of trial counsel's contention that the witness was uncooperative or recalcitrant, there remains a genuine and unresolved dispute between Hodges and his counsel about the reasons for Ms. Randle's failure to appear. By this record, Hodges' claim of Ms. Randle's availability and willingness to testify is highlighted rather than refuted.[4]

■ The State contends that it was unnecessary for the motion court to make specific findings of fact and conclusions of law pertaining to trial counsel's failure to call a witness, much less to conduct an evidentiary hearing on that issue, because the supplemental pro se motion was not properly verified and was therefore void. At the conclusion of the motion, Hodges' name is typed but *unsigned.* Peculiarly, an acknowledgement, signed and sealed by

---

**4.** The disputed issues of fact do give rise to probable cause of ineffective assistance of counsel, although the trial court held otherwise. Once probable cause has been established, the provisions of Rule 29.07(b)(4) must be implemented, and new counsel shall be appointed to represent defendant.

a notary, recites, "Subscribed and sworn to before me this 22 day of June, 1990, AD." This acknowledgment is patently erroneous, for movant did not subscribe his name.

Rule 29.15 directs that motions and amendments filed thereunder must be verified and must comply substantially with the provisions of Criminal Procedure Form No. 40, the last portion of which contains a space labeled "Signature of movant" followed by a space for notarial acknowledgement. It has been held repeatedly that a post-conviction relief motion without movant's signature and acknowledgment thereto is a nullity; the requirement is mandatory and jurisdictional. *Malone v. State*, 798 S.W.2d 149 (Mo.banc 1990). Hodges' motion, therefore, is impermissively defective.[5]

■ However, Rule 29.15(e) also requires that counsel,

> shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assess sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

Unless counsel concludes that the grounds for relief proposed by the defendant are meritless, steps must be taken to perfect the presentation of those grounds to the motion court. A failure to comply with Rule 29.15(e), if due solely to the neglect of counsel and absent any fault by movant, necessitates that movant be given the opportunity to correct and properly complete the motion. *Sanders v. State*, 807 S.W.2d 493 (Mo.banc 1991); *Luleff v. State*, 807 S.W.2d 495 (Mo.banc 1991). That opportunity is mandated not only for the proper assertion of "sufficient facts" and "grounds known to movant," but also for the conformance of the motion to the procedural aspects of Rule 29.15. Thus, movant is granted relief when counsel neglects to file an amended motion within the time deadlines of Rule 29.15(f), *Sanders, supra;* or when counsel fails to secure proper verification of the motion as directed by Rule 29.15(f), *State v. White*, 813 S.W.2d 862 (Mo.banc 1991); *Hight v. State*, 813 S.W.2d 368 (Mo.App.1991).

■ The record is barren of reasons for counsel's failure to cause the supplemental pro se motion to be verified. Because the motion on its face does indeed allege facts which are actionable and which call for an evidentiary hearing, counsel's primary obligation was merely to cure the procedural defect of improper verification. Her inaction is suspect. Moreover, "[a] record that does not indicate whether appointed counsel made the determination required by Rule 29.15(e) creates a presumption that counsel failed to comply with the rule." *Luleff*, 807 S.W.2d at 498. Conceivably, however, counsel in this case has valid reasons for her inaction. Yet, we have no way to discern whether she investigated the issue of failure to call a witness and found it meritless, or whether she simply ignored or overlooked the matter. The motion court is the proper forum to resolve this question. *Sanders*, supra; *Luleff*, supra.

Accordingly, the order dismissing the Rule 29.15 motion is reversed, and the case is remanded for a determination of post-conviction counsel's compliance with Rule 29.15(e). If the court finds that counsel did not adequately comply and that the movant was not the cause of the noncompliance, the court shall appoint new counsel who shall be allowed reasonable time to amend or perfect the motion, but only on the issue of trial counsel's failure to call a witness. Thereafter, an evidentiary hearing shall be held on that issue, and the court shall submit its specific findings of fact and conclusions of law. The convictions on direct appeal are affirmed.

CRANDALL and SATZ, JJ., concur.

---

5. It has been held that this unusual defect—the acknowledgement of the signature where no signature appears—invalidates affidavits. *See e.g., Land Clearance for Redevelopment Auth. of City of St. Louis v. Zitko*, 386 S.W.2d 69 (Mo. 1964); *Elsea v. Bass*, 77 S.W.2d 164 (Mo.App. 1934).