STATE of Missouri, Respondent,

v.

Jerry McCAULEY, Appellant.

Jerry McCAULEY, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57121, 59311.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 12, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 9, 1992.

Application to Transfer Denied
July 21, 1992.

Henry Robertson, Kathleen Green, Richard Sindel, St. Louis, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant, Jerry McCauley, appeals from his conviction for second degree murder, first degree assault, and two counts of armed criminal action. He also appeals from the denial of his Rule 29.15 motion.

Viewed in the light most favorable to the verdict, the evidence showed that in July, 1988, defendant got into an argument with Garlon McCoy and a group of McCoy's companions. Ricky Hill, a friend of defendant, ran across the street during the argument and returned with two pistols. McCoy and his companions retreated to a van. Defendant and Hill went over to the van, and defendant began firing into the van. When the first gun was emptied, defendant took a second gun from Hill and continued firing into the van. McCoy died as a result of the shooting and a passenger, Ronnie Patrick, was wounded in the knee.

Defendant does not challenge the sufficiency of the evidence against him. On appeal, he raises two points of error from his trial, and two points of error from his Rule 29.15 motion. Further facts will be developed in the opinion.

Defendant's first point is that testimony about and the admission of mugshots of the defendant impermissibly showed evidence of other crimes. At trial, a police officer testified that he prepared a photo array with defendant's picture to show to witnesses to the crime. In explaining how he prepared the array, the officer stated, "in this particular case I took the photographs and covered up all -- --." Counsel for defendant interrupted by objecting and asking for a mistrial. The trial court sustained the objection and admonished the jury to disregard the last statement, but denied defendant's motion for mistrial. Testimony about the use of mugshots which discloses that the defendant has committed other crimes is improper in a criminal trial. *State v. Blaney*, 801 S.W.2d 447, 450 (Mo.App.1990). However, the testimony of the officer here did not impermissibly infer that defendant had committed other crimes. Furthermore, the quick action of the court in instructing the jury to disregard the statement removed any possible prejudice that could have arisen.

Defendant also complains that the admission of the photograph was erroneous because it displayed a front and profile view of defendant, typical of mugshots, thus inferring that he had committed other crimes. We disagree. Mugshots are neutral and do not constitute evidence of other crimes, *State v. Phillips*, 723 S.W.2d 524, 525 (Mo.App.1986), so long as inculpatory information is masked. *State v. Motley*, 740 S.W.2d 313, 317 (Mo.App.1987). The admission of the mugshots was not erroneous.

In his next point defendant argues that the trial court erred in failing to strike a juror for cause. The juror was acquainted with two of the police officers who were witnesses. The juror had played baseball with one officer and had seen an-

other at dances and social events. The court received the juror's assurance that he would remain impartial and further found that his acquaintance with the officers was not a sufficient reason to strike the juror. *See, State v. Arnette,* 686 S.W.2d 4, 7–8 (Mo.App.1984) (court did not have to strike venire person on the mere fact that he was acquainted with a testifying police officer). We defer to the trial court's wide discretion in determining the qualifications of members of the venire. *State v. Walton,* 796 S.W.2d 374, 377 (Mo. banc. 1990). Point denied.

■ Defendant raises two points with respect to his Rule 29.15 motion. Specifically, defendant claims the motion court erred in denying his motion without an evidentiary hearing. To be entitled to a hearing in a post-conviction proceeding, defendant must allege facts, not conclusions, which if true would warrant relief, those facts must not be refuted by the record, and matters complained of must have resulted in prejudice to the defendant. *State v. Berry,* 798 S.W.2d 491, 496 (Mo.App. 1990). Appellate review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j).

■ First, defendant claims his trial counsel was ineffective for failing to request jury instructions for the lesser offenses of voluntary manslaughter and second degree assault. Both of these instructions require evidence that defendant acted with sudden passion. MAI–CR3d 313.08 n. 3; MAI–CR3d 319.02 n. 4. At the conclusion of defendant's case, the trial judge told defendant's counsel that he did not present enough evidence to submit instructions on the lesser offenses. Our review of the record confirms the conclusion of the trial court. The record refutes the claim that counsel failed to seek an instruction, or could have sought an instruction, on a lesser included offense. Point denied.

■ Defendant's second complaint regarding his post-conviction motion is that the motion court erred in denying him a hearing on his point that counsel was ineffective for failing to call three witnesses.

Defendant's motion alleges that two of these witnesses would have testified that defendant did not fire a weapon. The third witness would have testified that he saw defendant running away from the scene while the shots were fired. Furthermore, the motion alleges that the three witnesses were ready, willing, and able to testify and that defendant asked counsel to present the witnesses at trial. The motion court denied this point without a hearing because such testimony would have been cumulative to the testimony heard at trial.

At trial, defendant testified that when Ricky Hill appeared with guns, everybody, including he and his girlfriend, ran. He claimed Ricky Hill fired all the shots into the van occupied by the victims. Ricky Hill and defendant's girlfriend, Sharon Mitchell, corroborated this testimony. However, Hill was impeached by a statement he had given to the police when arrested and by his statements to a judge when he pleaded guilty to murder and assault. On both occasions Hill had stated that both he and defendant fired shots into the van. Sharon Mitchell was impeached by a statement she had given to the police in which she said defendant was the shooter.

Evidence is said to be cumulative when it relates to a matter so "fully and properly proved by other testimony" as to take it out of the area of serious dispute. *State v. Weatherspoon,* 728 S.W.2d 267, 273 (Mo. App.1987) (quoting *State v. Ralls,* 583 S.W.2d 289, 292 (Mo.App.1979)). In view of the impeachment of Ricky Hill and Sharon Mitchell, it can hardly be said the issue of who did the shooting was so fully and properly proved as to be removed from the area of serious dispute. In his post-conviction motion, defendant has named three witnesses who, it is alleged, were known to trial counsel and were ready and available to testify to specific facts which would corroborate his own testimony. Because the motion judge denied defendant's request for an evidentiary hearing, we have nothing before us to refute these allegations. We cannot conclude from a blank record whether defendant's counsel chose not to call these three witnesses as a mat-

ter of trial strategy. As this court stated in *State v. Talbert*, 800 S.W.2d 748, 750 (Mo.App.1990):

"The allegations in the post-conviction motion were not refuted by the record, the allegations stated facts not conclusions, and the allegations, if true, could alter the outcome of the trial. The trial court erred in dismissing the Rule 29.15 motion without an evidentiary hearing."

We are cognizant of the holding of this court in *State v. Jennings*, 815 S.W.2d 434, 449 (Mo.App.1991), that no prejudice results from the failure to call alibi witnesses when the alibi is fully developed from the testimony of other witnesses at the trial. The question of prejudice from the failure to call available witnesses is a matter which can only be determined on a case-by-case basis depending upon the totality of the circumstances. In this case, in the absence of an evidentiary hearing in which the circumstances could have been fully developed, it cannot be said with any degree of certainty that the result would not be affected by the addition of three unimpeached witnesses who corroborated the testimony impeached by prior inconsistent statements.

Accordingly, the judgment of conviction is affirmed. The order dismissing the Rule 29.15 motion is reversed and that cause is remanded for an evidentiary hearing upon the allegations of ineffective assistance of trial counsel for failure to call witnesses.

SMITH, P.J., and SATZ, J., concur.