Albert M. Rosenblatt, J.
The defendant Merfert, a female, moves to dismiss an indictment in which she is charged with the crime of rape in the first degree in violation of subdivision 1 of section 130.35 of the Penal Law.
Merfert is indicted jointly with two males and bases her dismissal motion on the contention that, being a female, she is legally and factually incapable of committing rape. She further claims that even if a female may be properly charged with rape, her alleged participation did not factually rise to the statutory standard of culpability.
The legal capacity of a female to be answerable for the crime of rape merits some discussion, because of the way the statute is worded. Subdivision 1 of section 130.35 reads as follows:
"A male is guilty of rape in the first degree when he engages in sexual intercourse with a female:
"1. By forcible compulsion”.
It is clear that the offense in question, as so defined, may be personally committed only by those of a particular class of persons, namely males. The inquiry must, therefore, be whether the female defendant, not belonging to that class, is legally capable of committing the offense even though she cannot commit it in an individual capacity.
The answer lies in section 20.05 of the Penal Law which reads as follows:
"§ 20.05 Criminal liability for conduct of another; no defense
"In any prosecution for an offense in which the criminal liability of the defendant is based upon the conduct of another person pursuant to section 20.00, it is no defense (emphasis supplied) that * * *
"3. The offense in question, as defined, can be committed only by a particular class or classes of persons, and the defendant, not belonging to such class or classes, is for that *805 reason legally incapable of committing the offense in an individual capacity.”
Thus, the Legislature has made it plain that gender is no defense to rape, if the female’s accountability is founded on her complicity in the acts of those who are physically and individually capable of committing the crime — in this case, the male codefendants. As to vicarious responsibility, the Legislature sets the following standard:
"§ 20.00 Criminal liability for conduct of another
"When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes,-or intentionally aids such person to engage in such conduct.”
The cited statutes, then, when read in pari materia establish two things: First, that a guilty minded, active accomplice may be answerable as a principal (Penal Law, § 20.00), and, second, that the result follows even though the said accomplice cannot commit the crime individually. (Penal Law, § 20.05.)
The Grand Jury, based on the evidence before it, could reasonably have concluded that the female defendant incited, sponsored, and intentionally aided in the commission of the offense by the male defendants. Accordingly, her conduct falls within the above-cited statutory principles.
Indeed, this is not the first case in which a female has been accused of rape.* Last year, the Appellate Division, First Department, upheld a rape conviction against a female in People v Mitchell (46 AD2d 1014) although without comment. Moreover, the very issue has been decided in out-of-State courts, with which this decision is in accord. (See, People v Medrano, 24 Ill App 3d 429; State v Ewald, 63 Wis 2d 165; State v Carter, 66 Ariz 12; Campbell v State, 63 Tex Crim 595; People v Trumbley, 252 Ill 29; State v Burns, 82 Conn 213; 65 Am Jur 2d, Rape, § 28, p 776; 1 Wharton’s Criminal Law and Procedure, § 314, p 652.)
Accordingly, the motion is denied in all respects.

 The point was alluded to by way of obiter dictum, in an encylopaedic decision of Judge Rubin (People v Reilly, 85 Misc 2d 702), when referring to female responsibility based on complicity. (See, also, People v Evans, 85 Misc 2d 1088, 1090.)