Joseph Edward **FULTS**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 55300.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 3, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 8, 1989.

Application to Transfer Denied
Dec. 12, 1989.

Mark T. McSweeney, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Movant appeals from the order of the trial court denying him relief pursuant to Rule 27.26 (now repealed).

Movant was convicted on April 24, 1985, of one count of rape, two counts of sodomy, and one count of incest. The victim in each case was his daughter, fifteen years old at the time of the offenses. We affirmed the convictions in *State v. Fults*, 719 S.W.2d 46 (Mo.App.1986).

The information in Count I alleged that the defendant had sexual intercourse with the victim "to whom defendant was not married" without the consent of the victim by the use of forcible compulsion. Counts II and III, the sodomy counts, alleged sodomy in identical language and neither contained language negating marital status. Count IV, the incest charge, alleged that the defendant had sexual intercourse with victim "whom the defendant knew to be his descendant by blood.". In his original appeal movant challenged the sufficiency of Counts II and III on the basis that the information failed to allege the method by which the sodomies were committed. We rejected that contention and held the information was sufficient as to that contention.

Movant now challenges the validity of the information as to Counts II and III on the basis that the omission from each of allegations negating the marriage of defendant and the victim renders the information a jurisdictional nullity. He bases his contention on *State v. Owens*, 740 S.W.2d 269 (Mo.App.1987). That case held that the allegation of non-marriage in a sodomy case was an essential element of the charge and its absence rendered the information fatally defective and the conviction a nullity. In *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983) [1, 2] and *State v. Hasler*, 449 S.W.2d 881 (Mo.App.1969) [3–5] it was held that the information is a jurisdictional prerequisite to a valid trial and conviction. The fatally defective nature of an information may be raised at any time, even on collateral attack, such as here. *State v. Hasler, supra.*

■ We do not deem it necessary to discuss the holding of the court in State v. Owens. Assuming that an allegation of non-marriage is essential to the validity of an information charging sodomy, we find such requirement has been met here. Rule 23.01(d) provides that allegations made in one count of an information may be incorporated by reference in another count. This is a modification of the common law rule that each count in an indictment must be a complete indictment in itself. *See State v. Wade*, 147 Mo. 73, 47 S.W. 1070 (1898). The purpose of an indictment or information is threefold. It must inform the accused of the charges against him so he may prepare an adequate defense, it must be sufficiently specific to allow him to plead double jeopardy in the event of acquittal and it must permit the trial court to decide whether sufficient facts are alleged to charge a crime and support a conviction. *State v. Gilmore, supra.* Rule 23.11 provides that no information shall be invalid because of any defect therein which does not prejudice the substantial rights of the defendant. We are unable to find that any of the purposes of informations are not met here or that any rights of movant have been prejudiced.

The information advises movant of the charges against him sufficiently to allow preparation of a defense and to support a subsequent claim of double jeopardy. Counts I and IV make clear that defendant is not married to the victim identified by the same name in each of the four counts. We do not regard the provisions of Rule 23.01(d) to require specific reference to another count where the allegation involved, as here, is the identification of the status of the victim. An information is not to be measured as if it were part of some pedantic exercise. *State v. Daniels*, 655 S.W.2d 106 (Mo.App.1983) [1, 2]. We regard it as the height of pedantry to require that upon identification of the same victim in each count a statement of her non-spouse status be repeated. We find no error in the trial court's ruling on the validity of Counts II and III.

■ Movant next complains that the trial court erred in failing to find that movant had been sentenced to more than the maximum sentence allowed for the class B felony of rape. This is based upon the allegations of Count I that stated defendant "committed the class B felony of rape." It further alleged that the rape was achieved through the use of "forcible compulsion." Sec. 566.030, RSMo 1984 Supp., states that forcible rape is sexual intercourse achieved through forcible compulsion. It is a non-classified offense carrying its own punishment of life imprisonment or a term of years not less than five. Class B rape is, under that statute, sexual intercourse with another person less than fourteen years old. It contains no requirement of forcible compulsion as alleged in the information. The victim here was clearly and admittedly outside the age range for statutory rape, the class B felony. It is apparent that the information charged forcible rape and that movant was tried and convicted of forcible rape and the punishment imposed was within the statutory guidelines for that offense. We regard the reference to class B felony in the information as surplusage. *Wescott v. State*, 731 S.W.2d 326 (Mo.App. 1987) [3]; *State v. O'Toole*, 619 S.W.2d 804 (Mo.App.1981) [2, 3, 5].

██ Movant also complains that the sentence was excessive because of an alleged conflict between the sentencing statutes for forcible rape and aggravated rape which conflict, movant contends, authorizes a greater punishment for the former than for the latter, a more serious offense. Movant received a sentence within the range of punishment for either offense and we find he has no standing to raise the issue.

██ Movant next challenges his conviction of both rape and incest as a violation of his rights against double jeopardy. Both convictions arose from the same act of intercourse. The double jeopardy clause protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) S.Ct. at [1]. When the same act violates two different statutes "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, 52 S.Ct. 180 (1932) S.Ct. at [3, 4]. In Missouri the courts hold that a defendant can be convicted of several offenses arising from the same set of facts. *State v. Bolen*, 731 S.W.2d 453 (Mo.App. 1987) [1, 2]. Multiple charges are permissible if the defendant has in fact and in law committed separate crimes. *Id.* Incest, Sec. 568.020 RSMo 1984 Supp., requires that the defendant engage in sexual intercourse or deviate sexual intercourse "with a person he [knew] to be ... his descendent by blood or adoption...." There is no similar element required for a conviction of forcible rape. A rape conviction requires a finding of forcible compulsion (Sec. 566.-030.2, RSMo 1984 Supp.) which is not an element of incest. Movant committed two separate and distinct crimes and no violation of double jeopardy occurred by his conviction for each.

Movant challenges the effectiveness of his trial counsel. We have reviewed his allegations, the record on which they are based, and the court's findings of fact and conclusions of law. We find the court's findings and conclusions are not clearly erroneous. That is the limit of our determination on review. *Curtis v. State*, 759 S.W.2d 860 (Mo.App.1988) [1]. We find no precedential value to an exposition of our basis for that finding. We similarly find no need to explicate our reasons for concluding that the findings and conclusions of the court are sufficient to enable us to review movant's contentions on appeal.

Order of the trial court is affirmed.

STEPHAN and SATZ, JJ., concur.