STATE of Missouri, Plaintiff–Respondent,

v.

Carl Wayne MILAN, Defendant–Appellant.

Carl Wayne MILAN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17020, 17650.

Missouri Court of Appeals,
Southern District,
Division One.

May 12, 1992.

Judith C. LaRose, Columbia, for defendant-appellant in No. 17020, for movant-appellant in No. 17650.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent in No. 17020, for respondent in No. 17650.

PREWITT, Presiding Judge.

Following a jury verdict finding him guilty of first degree assault and armed criminal action, appellant was sentenced to life imprisonment for the assault and ten years for armed criminal action, the sentences to run concurrently. Appellant appeals from those convictions. Appellant then filed a motion under Rule 29.15 seek-ing to vacate the convictions. Following denial of the motion, after an evidentiary hearing, he appealed. Those appeals were consolidated. Rule 29.15(l).

No question is raised regarding the sufficiency of the evidence to support the convictions, therefore the facts are only briefly stated. Appellant shot with a pistol a woman with whom he said he was in love. She had rejected his proposals of marriage and suggested that they just be friends. Appellant testified that he had gotten out his pistol intending to commit suicide.

■ Appellant has two points relied on pertaining to his direct appeal from the convictions, appeal No. 17020 and one point relating to his appeal from the denial of his Rule 29.15 motion, appeal No. 17650. In his first point appellant complains of the trial court allowing Corey Ketchum to testify "in that Ketchum was not endorsed as a witness until one day before trial, which did not allow appellant sufficient time to investigate the witness in preparation for effective cross-examination, and Ketchum's testimony was extremely prejudicial to appellant."

■ Additional witnesses may be added to an information or indictment "after notice to the defendant upon order of the court." Rule 23.01(f). The trial court has broad discretion in permitting the endorsement of additional witnesses and there is an abuse of discretion only when it causes fundamental unfairness. *State v. Stepter,* 794 S.W.2d 649, 655 (Mo. banc 1990). Generally, there are four factors used to determine whether a trial court abused its discretion: (1) whether the defendant waived the objection; (2) whether the state intended surprise or acted deceptively or in bad faith, intending to disadvantage the defendant; (3) whether defendant was surprised and suffered any disadvantage; and (4) whether the type of testimony given might readily have been contemplated. *Id.*

Just before trial the prosecuting attorney moved to add Ketchum's name to the list of witnesses on the information. He said he had just learned of the witness the day before. The prosecutor said, and appel-

lant's counsel confirmed, that the morning on the day before trial the prosecutor talked to Ketchum with appellant's counsel present and thereafter appellant's counsel talked to Ketchum. Ketchum was 16 years of age and lived close to where appellant resided and the shooting occurred. Ketchum testified that he heard appellant tell his father to "get out of the way because he was going to kill the bitch."

Trial commenced on April 5, 1990, appellant's motion for new trial was filed on April 25 and a hearing on that motion held on May 9, 1990. If an investigation of Ketchum would have established anything which would have aided cross-examination and established prejudice by the late addition of his name, appellant had adequate time after the trial to make that investigation. Then appellant could have shown how he was prejudiced in the motion for new trial and in the hearing held thereafter. That did not occur. No prejudice to appellant or abuse of discretion in allowing Ketchum to testify was shown. This point is denied.

In his second point appellant contends that the "reasonable doubt" instruction following MAI–CR3d 302.04 is improper. Appellant argues that *Cage v. Louisiana,* — U.S. —, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), establishes that the instruction erroneously defined reasonable doubt. This argument has previously been rejected both by the Missouri Supreme Court and this district. *State v. Griffin,* 818 S.W.2d 278, 282–283 (Mo. banc 1991); *State v. McIntire,* 819 S.W.2d 411, 413 (Mo.App.1991). Point two is denied.

Before trial appellant was given a mental examination and found competent to stand trial. The report of the examination also said appellant did not suffer from a mental disease or defect at the time of the shooting. Appellant asserts in his third point that the trial court erred in denying his Rule 29.15 motion because he received ineffective assistance of counsel when his trial counsel failed to request a second mental examination. In denying the motion the trial court concluded that there was no basis by which the attorney should have known that a second evaluation of appellant's mental condition would be different from the first and that it was not shown that there would have been a different result.

The trial court's findings are supported by the record. It was not established that counsel had reason to request a second evaluation nor that a second evaluation would have a result different from the first. Therefore, no prejudice to appellant has been shown. See *Putney v. State,* 785 S.W.2d 562, 563 (Mo.App.1990); *O'Neal v. State,* 724 S.W.2d 302, 305–306 (Mo.App. 1987). Point three is denied.

The judgments are affirmed.

CROW and PARRISH, JJ., concur.