**In the Interest of O. B., Appellant.**

**No. 62390.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 6, 1993.

Valerie Held Rapp, St. Louis, for appellant.

Jerilyn Cohen, Graham W. Labeaume, St. Louis, for respondent.

CRIST, Judge.

Defendant, a juvenile, appeals the decision of a juvenile court judge affirming the referee's finding of jurisdiction in that Defendant violated § 571.030.1(3), RSMo 1986 by carrying a gun into school. We affirm.

On March 20, 1993, it was rumored by students Defendant had carried a loaded gun into the Yeatman Middle School. Based on information from a student, the school principal obtained Defendant's locker combination from Defendant's teacher advisor. While Defendant was in class, the principal went to his locker and opened it. She found Defendant's jacket in the locker with a loaded gun in the jacket pocket. She turned the gun over to the police.

■ Because Defendant's second point is dispositive of his first, we address it first. Defendant asserts the trial court erred in allowing juvenile authorities to amend the petition at the close of the evidence. The original petition read:

[Defendant], in violation of Section 571.030.1(1), RSMo, committed the offense of Carrying a Concealed Weapon in that on or about the 20th day of March, 1992, in the City of St. Louis, State of Missouri, [Defendant] knowingly carried a firearm, to-wit: a .25 caliber pistol, into the Yateman (sic) school.

At the close of the evidence, Defense attorney made a motion for acquittal asserting the juvenile officer failed to adduce sufficient evidence to support a finding Defendant violated § 571.030.1(1), carrying a concealed weapon. After some discussion, the referee allowed the juvenile officer to amend the information by changing the statutory reference to § 571.030.1(8) and by deleting the word "concealed." A continuance was not requested.

Section 571.030.1(1) and (8) read:

A person commits the crime of unlawful use of weapons if he knowingly:

(1) Carries concealed upon or about his person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use; or

\*   \*   \*   \*   \*   \*

(8) Carries a firearm or any other weapon readily capable of lethal use ... into any school....

The original petition alleged sufficient facts to bring Defendant within the jurisdiction of the juvenile court based on his violation of § 571.030.1(8). It alleged on March 20, 1992, Defendant "knowingly carried a firearm ... into the Yateman (sic) school." Thus, before the petition was amended, Defendant had notice of the elements and the facts constituting the offense of carrying a weapon into a school. *See State v. Gleason,* 813 S.W.2d 892, 897[10] (Mo.App.1991). The amendment did not add a new or different charge, but rather deleted the surplusage. *See Fults v. State,* 779 S.W.2d 688, 689[2] (Mo.App. 1989); *Gleason,* 813 S.W.2d at 897[10].

The petition was properly amended. Juvenile Court Rule 114.02 states:

The petition may be amended by leave of court any time. When the petition is amended the court shall grant the parties such additional time to prepare as may be necessary to provide a full and fair hearing.

Leave of the court was granted. No additional time was requested, nor was any required because Defendant already had notice of the elements and the facts consti-

tuting the offense with which he was charged. The amendment complied with statutory and constitutional requirements. Point denied.

Because we find no error in the amendment of the petition, Defendant's first point, that the referee erred in denying his motion for acquittal of the charge of violating § 571.030.1(1), is moot and, therefore, denied.

In his third point, Defendant asserts the trial court erred in denying his motion for acquittal on the charge of violating § 571.030.1(8). In evaluating whether Defendant was entitled to a motion of acquittal, we view all evidence and all reasonable inferences therefrom in the light most favorable to the decision and disregard any evidence of inferences to the contrary. *State v. Blue*, 811 S.W.2d 405, 489[8] (Mo. App.1991). We review whether, under the evidence presented, reasonable persons could have found beyond a reasonable doubt Defendant committed the offense charged. *Id.* at 409[7]. *See P.R.L. v. Juvenile Officer, St. Charles County*, 719 S.W.2d 144, 146[1] (Mo.App.1986).

The principal had conversations with students regarding a weapon at school. Based upon information from one of these students, the principal went to Defendant's teacher advisor and asked for Defendant's locker number and the combination of the lock on such locker. The principal and the advisor went to Defendant's locker and opened it. There was a gun in the pocket of Defendant's jacket; the jacket was located in Defendant's locker. His was the only jacket in the locker.

Defendant complains there was no evidence Defendant had ever been in possession of the firearm because no one saw him in possession and no evidence that Defendant had exclusive possession of the locker or ownership of the coat. These complaints are flawed. There was evidence the locker had been assigned to Defendant. The principal testified twice the jacket belonged to Defendant. While Defendant's lawyer objected to testimony as to the ownership of the jacket, she did not get a ruling on the objection. Point denied.

The judgment of the trial court is affirmed.

AHRENS, P.J., and REINHARD, J., concur.