STATE of Missouri, Respondent,

v.

Lavel GORDON, Appellant.

Lavel GORDON, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. 68724

Missouri Court of Appeals,
Eastern District,
Division Two.

April 15, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 1997.

Application to Transfer Denied Aug. 19, 1997.

Richard L. Beaver, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Blegen, Assistant Attorney General, Jefferson City, for respondent.

GERALD M. SMITH, Judge.

Defendant appeals from his conviction by a jury of sodomy and incest and the court imposed sentences of thirty five years on the former and five years concurrently on the latter. He also appeals from the denial of his Rule 29.15 motion without a full evidentiary hearing. We affirm.

Defendant makes no challenge to the sufficiency of the evidence to support the convictions. An extensive statement of facts is not therefore necessary. Defendant and Sharel Sherrell were not married but were the parents of a daughter. The daughter was approximately twenty months old at the time of

the charged crimes. Defendant and Sharel had broken up, but defendant still baby sat their daughter while Sharel worked. There was substantial evidence that after some heavy drinking the defendant inserted his penis in his daughter's rectum, causing tearing and bleeding.

■ Defendant has raised a number of issues. Initially he raises a contention that the trial court's oral sentence which did not contain reference to defendant's status as a prior offender takes precedence over the subsequent written sentence indicating such status. The court did make a finding earlier in the trial that defendant was a prior offender. In *Johnson v. State*, 938 S.W.2d 264 (Mo.banc 1997), the Supreme Court overruled a line of cases holding that the oral pronouncement of sentence was controlling and that failure to mention prior offender status at that time precluded defendant's sentence from being effective as a prior offender sentence. Where the record is clear that the defendant is receiving sentence pursuant to his prior offender status or where the court has determined that he is a prior offender and therefore has no discretion to sentence defendant otherwise then the failure to specifically refer to the prior offender status at oral sentencing does not affect the sentence intended to be imposed.

■ Defendant contends that we cannot apply *Johnson* retroactively. *Johnson* is silent about retrospective application. In that situation the holding may be applied retrospectively if the case is on direct appeal and the matter is substantive. *State v. Ferguson*, 887 S.W.2d 585 (Mo.banc 1994)[5]. This matter is on direct appeal and the defendant's status as a prior offender is a substantive issue, not one of procedure. Defendant was properly sentenced as a prior offender.

■ Defendant contends that it is a violation of double jeopardy to punish him for both sodomy and incest for the same act. The Fifth Amendment prohibition against double jeopardy protects a defendant from multiple punishments for the same offense. *Hagan v. State*, 836 S.W.2d 459 (Mo.banc 1992)[7,8]. It does not protect a defendant from punishment for more than one offense

arising from the same set of facts if he has in law and fact committed separate crimes. *State v. King*, 748 S.W.2d 47 (Mo.App. 1988)[4]. Analysis of whether the same offense is involved is limited to the statutory elements of each offense, not the evidence adduced at trial. *State v. Lane*, 791 S.W.2d 947 (Mo.App.1990)[1]. When there may be multiple convictions and therefore multiple punishments for a single act, the inquiry is limited to a determination of whether the legislature specifically authorized cumulative punishment under two statutes proscribing the same conduct. *State v. McTush*, 827 S.W.2d 184 (Mo.banc 1992)[2,3]. One act may constitute two offenses so long as each offense requires proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)[S.Ct.3,4].

■ The elements of sodomy and incest are not the same. The sodomy statute under which defendant was prosecuted was § 566.060 RSMo Cum.Supp.1993. It requires deviate sexual intercourse either forcibly or with a person under the age of 14. The crime of incest is established in § 568.020 and requires sexual intercourse or deviate sexual intercourse with a person having one of the familial relationships listed in the statute. Neither force nor age is an element of incest but one or the other is an element of sodomy. A family relationship is not an element of sodomy but is an element of incest. Under the *Blockburger* test each charged offense has a different element than the other and they are separate offenses.

Section 556.041 RSMo 1994, Limitation on conviction for multiple offenses, states:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other . . .;or

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

(3) The offenses differ only in that one is defined to prohibit a designated kind of

conduct generally and the other to prohibit a specific instance of such conduct; or (4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

Section 556.041 does not preclude multiple convictions for the same act. Defendant makes no contention that subsections (1),(2), or (4) have application and clearly they do not. He does contend that subsection (3) covers this situation. We are unable to so conclude. No case in Missouri has directly addressed the issue before us in the context of sodomy and incest. However, in *Fults v. State*, 779 S.W.2d 688 (Mo.App.1989)[4] we held that a single act of intercourse could be prosecuted under both the rape and incest statutes. No double jeopardy occurred when defendant was convicted of both crimes. The rationale of *Fults* is fully applicable to the sodomy and incest charges here. See also *Lane, supra*, and *State v. Clay*, 909 S.W.2d 711 (Mo.App.1995)[6,7].

The subsection (3) distinction between general conduct and specific instance of such conduct is not applicable here. The sodomy statute is directed to deviate sexual intercourse performed without the consent of the victim. The under fourteen aspect of the statute is a recognition that children under that age are not legally capable of giving consent to such sexual activities. Incest is directed at the interference with the family relationship arising from sexual activities by members of the family. V.A.M.S. § 568.020, Comment to the 1973 Proposed Code. It applies equally to consensual and non-consensual sexual activities. The crime of sodomy is delineated in Chapter 566 RSMo which deals with sexual offenses; the crime of incest is delineated in Chapter 568 which deals with offenses against the family. The offenses are not the same for double jeopardy purposes and multiple convictions and sentences are not prohibited by the statute. Defendant was properly convicted of both offenses.

■ Defendant attacks the use of the state's peremptory challenges to the venire panel on the basis that they were based on gender discrimination. The trial court considered the strikes and found them to be gender neutral and related to the case, clear, specific and legitimate. We reverse such findings only upon a finding that it was clearly erroneous. To be clearly erroneous we must be left with a definite and firm impression that a mistake has been committed. *State v. Hlavaty*, 871 S.W.2d 600 (Mo.App. 1994)[1–3]. We cannot make such a finding here. Defendant was less than fulsome in pointing out to the court why the explanations given by the prosecutor were pretextual. The record does not clearly demonstrate that they were. The point is denied.

Defendant has raised a number of other issues pertaining to trial rulings. We have reviewed those contentions and find no error and no prejudice to the defendant. An extended opinion dealing with those issues would have no jurisprudential value. Rule 30.25(b).

■ The trial court's findings of fact on defendant's Rule 29.15(b) motion were not clearly erroneous and no error of law appears. On appeal defendant has in his brief made a number of unsupported allegations of perjury by a witness and further allegations of the known use of perjury by the prosecution. Such allegations are very serious charges of criminal activity and misconduct, but when the issue was raised by the court at oral argument no record evidence to support such charges was asserted by counsel. It should not be necessary to remind counsel, but apparently is, that zealous advocacy and professionalism *do not encompass* unsubstantiated accusations such as those made here against witnesses and prosecutors. The denial of defendant's Rule 29.15 motion is affirmed. Rule 84.16(b).

Judgment affirmed.

CRANE, P.J., and PUDLOWSKI, J., concur.