Sandra K. BASS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 52916.

Missouri Court of Appeals,
Western District.

Sept. 9, 1997.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SMART, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Sandra Bass appeals the motion court's denial of her Rule 24.035 motion for post-conviction relief after an evidentiary hearing. Ms. Bass claims that the plea court did not have jurisdiction to convict her of rape because, as a female, she was incapable of committing that crime. We disagree. As have other jurisdictions addressing this issue, we hold that a female may be held guilty of rape where, as here, she has aided another to commit the rape.

Ms. Bass also argues that conviction of both rape and child abuse subjected her to double jeopardy in violation of Section 556.041(3), RSMo 1986. She claims that rape differs from abuse of a child only in that rape is simply a specific instance of child abuse. We disagree, for we find that the legislature intended to authorize cumulative punishment for both rape and abuse of a child, even if based on the same act and that the offense of rape of a child is not simply a specific instance of the general offense of abuse of a child but rather constitutes a separate offense.

Finally, we reject Ms. Bass' claims that her plea counsel was ineffective in failing to request a second medical examination after an initial exam showed that she was competent. In the absence of evidence that the first exam had serious shortcomings and in the absence of evidence which would cause reasonable counsel to believe that Ms. Bass was not competent to plead guilty or be held responsible for the crimes charged, counsel was not required to seek a second mental examination. Accordingly, denial of the post-conviction motion is affirmed.

## I. STATEMENT OF FACTS

Sandra K. Bass and her eleven year old daughter, Brenda, lived with Ms. Bass's boyfriend, Bobby Clark. In April or May of 1993, Ms. Bass woke her daughter and made her go into the back bedroom, where Mr. Clark was waiting in his underwear. Ms. Bass told her daughter to change into her nightshirt and physically forced her to have sexual intercourse with Mr. Clark.

Ms. Bass was subsequently charged by separate informations with the Class B felony of abuse of a child, in violation of Section 568.060, RSMo Cum.Supp.1992, and the felony of rape in violation of Section 566.030, RSMo Cum.Supp.1992. On April 6, 1995, Ms. Bass entered pleas of guilty to both charges, and on June 21, 1995, the court sentenced Ms. Bass to concurrent terms of twenty years for rape and fifteen years for abuse of a child.

Ms. Bass timely filed a Rule 24.035 motion for post-conviction relief alleging that the trial court did not have jurisdiction over the rape charge because the information was defective in that Ms. Bass, as a female, could not commit the crime of rape. The motion also alleged that Ms. Bass' trial counsel was ineffective in failing to request a second medical examination after an earlier examination

indicated that Ms. Bass was fit to proceed with a guilty plea. After an evidentiary hearing, the motion court denied Ms. Bass' motion for post-conviction relief. This appeal followed.

## II.  STANDARD OF REVIEW

Appellate review of denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 24.035(k); *Leisure v. State*, 828 S.W.2d 872, 873–74 (Mo. banc), *cert. denied*, 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Leisure*, 828 S.W.2d at 874.

## III.  FEMALE GUILTY AS PRINCIPAL FOR AIDING IN COMMISSION OF RAPE

██ As Ms. Bass' first point on appeal, she claims that the motion court erred in denying her post-conviction motion because the information was defective and the plea court did not have jurisdiction to convict her of rape in that, because she is a female, she could not commit the crime of rape.

Ms. Bass was charged with rape in violation of Section 566.030.3. That Section defines rape as having sexual intercourse with another person less than fourteen years old to whom the defendant is not married. § 566.030.3, RSMo Cum.Supp.1992. Sexual intercourse is defined as "any penetration, however slight, of the female sex organ by the male sex organ." § 566.010(3), RSMo Cum.Supp.1992. Although Ms. Bass correctly asserts that, because of the statutory definition of sexual intercourse, she could not alone rape another female, the State's theory was that Ms. Bass could be convicted for aiding Mr. Clark in the commission of the rape.

In Missouri, a person is criminally responsible for another's conduct if she aids or attempts to aid that other person in committing the offense. § 562.041.1(2), RSMo 1986. Missouri has eliminated the distinction between principals and accessories, and now all persons who act in concert are equally guilty. *State v. Isa*, 850 S.W.2d 876, 898 (Mo. banc 1993); *State v. Rehberg*, 919 S.W.2d 543, 552 (Mo.App.1995). Section 562.046 specifically states that it is no defense to a conviction under Section 562.041.1(2) that "[t]he defendant does not belong to that class of persons who was legally capable of committing the offense in an individual capacity." § 562.046(2), RSMo 1986. The Comment to this section when it was proposed stated:

Subsection (2) is designed to cover the situation where the individual could not be guilty of the crime on the basis solely of his own conduct but can be an accessory. For example, a husband cannot by his own conduct be guilty of raping his wife. However, if he assists another in doing the act he can be guilty as an accessory.

Comment to 1973 Proposed Code § 562.046. As authority, the Comment cites *State v. Drope*, 462 S.W.2d 677 (Mo.1971). The defendant in *Drope* was accused of assisting four men in raping his wife by tying her to the bedpost and holding a gun to her head while the rapes were committed by his companions. The defendant argued that a husband could not, under the law as it then existed,[1] be found guilty of raping his wife.

*Drope* first noted that prior Missouri cases had recognized that "[o]ne not the husband of the victim can be found guilty of rape on the basis of aiding and abetting even though he does not engage in the act of sexual intercourse." *Id.* at 679. *Drope* cited, by way of example, *State v. Sheard*, 276 S.W.2d 191 (Mo.1955). The latter case held that a man who drove the car while his companions took turns raping the victim could be charged with the act himself on the basis

1.  In 1990, the legislature passed Section 566.085, which abrogated the common law defense of marriage to the crime of forcible rape. § 566.085, RSMo Cum.Supp.1992. That Section was repealed effective January 1, 1995. In the same Session, the legislature enacted Section 566.023, which lists certain sexual offenses to which marriage is an affirmative defense. Forcible rape, as defined in Section 566.030, is not among the offenses listed. § 566.023, RSMo 1994.

that " 'all persons present aiding and abetting another in the commission of rape are guilty as principals and punishable equally with the actual perpetrator of the crime.' " Id. at 194 (quoting 75 C.J.S., Rape § 18, page 483) (emphasis added). Accord, Mikel v. State, 550 S.W.2d 863, 868 (Mo.App.1977) (because male appellant had aided his companion in the rape he could be convicted of rape, and "[w]hether or not appellant himself committed an act of penetration therefore is essentially immaterial to his guilt of rape as charged.").

Drope noted that other jurisdictions had held that this same principle permitted holding a husband liable for rape of his wife where, as here, it was the husband who assisted others in committing the rape, holding that the fact the husband could not himself commit the rape individually was essentially irrelevant. Drope, 462 S.W.2d at 680. Drope agreed, and affirmed Mr. Drope's conviction for the rape of his wife. Id.

The State argues that the same rationale applies here, and that we should hold that a female can be held guilty of rape where she aids a male in committing the rape, even though she cannot commit a rape individually. Our review of the cases cited by the parties and our own independent research reveals that those jurisdictions to address the issue have applied the rationale used in Drope and held that a female who aids another in committing a rape can herself be convicted of rape.

For example, in State v. Carter, 66 Ariz. 12, 182 P.2d 90 (1947), Christine Griffith and her live in companion were convicted of raping Ms. Griffith's fifteen year old daughter. On appeal, Ms. Griffith argued that a female could not be convicted of rape. Pursuant to a statute making any person who aids and abets in the commission of a crime guilty as a principal,[2] the Arizona Supreme Court affirmed Ms. Griffith's rape conviction. Id. 182 P.2d at 92.

Similarly, in People v. Smith, 204 Cal. App.2d 797, 23 Cal.Rptr. 5 (1962), the appellant was convicted along with a male for raping the appellant's daughter. On appeal, the appellant challenged the sufficiency of the evidence, but the California Fourth District Court of Appeal noted that the appellant admitted she could be convicted for rape as a principal "on the theory of aiding and abetting, even though she could not have directly committed the act." Id. 23 Cal. Rptr. at 7.

In Commonwealth v. Whitehead, 379 Mass. 640, 400 N.E.2d 821 (1980), two females were also convicted of rape. Although they had directly committed sexual acts against the victim, the Supreme Judicial Court of Massachusetts held that they could also be found guilty as accessories for the acts of rape committed by their male companions. The court noted that one female defendant drove the car in which the crimes took place and the other joined in threatening the victim, and therefore they had aided in the commission of the rape. Id. 400 N.E.2d at 832–33.

In People v. Merfert, 87 Misc.2d 803, 386 N.Y.S.2d 559 (N.Y.Co.Ct.1976), the court denied a female defendant's motion to dismiss a rape indictment on the ground that the aiding and abetting statute explicitly stated, like Missouri's statute, that it was no defense that "[t]he offense in question, as defined, can be committed only by a particular class or classes of person, and the defendant, not belonging to such class or classes, is for that reason legally incapable of committing the offense in an individual capacity". Accord, Ex parte Mauck, 158 Tex.Crim. 200, 254 S.W.2d 128 (1953). See also State v. Rundlett, 391 A.2d 815 (Me.1978); State v. Braxton 294 N.C. 446, 242 S.E.2d 769 (1978); State v. Thompson, 290 N.C. 431, 226 S.E.2d 487 (1976) (all so noting in dicta ).

We agree with the above cases that a female may be found guilty of rape where, as here, she has aided a male to commit the crime. Here, Ms. Bass told her eleven-year-old daughter to come into the bedroom and put on her nightshirt. She then forced her daughter to engage in sexual intercourse

2. The Arizona statute stated, "All persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall be prosecuted, tried and punished as principals...." Section 44–1107, A.C.A.1939.

with Mr. Clark. Clearly, Ms. Bass aided Mr. Clark in committing the crime of rape and is therefore responsible for that crime. It is no defense that Ms. Bass is not a male and therefore does not belong to the class of persons legally capable of committing rape in an individual capacity.

Ms. Bass also claims that the above cases do not apply because of Missouri's exception to accessory liability for conduct which is "necessarily incident" to the main offense. As she notes, Section 562.041.2 states that a person is *not* criminally responsible for the conduct of another even though he aids the other in committing the offense if:

(1) He is the victim of the offense committed or attempted;

(2) The offense is so defined that *his conduct was necessarily incident to the commission or attempt to commit the offense.* If his conduct constitutes a related but separate offense, he is criminally responsible for that offense but not for the conduct or offense committed or attempted by the other person.

§ 562.041.2(2), RSMo 1986 (emphasis added).

Ms. Bass argues that this exception applies here because her involvement in the crime must be considered as only incident to—that is, collateral to—the crime, because it was not an essential part of the crime. Ms. Bass' argument turns the meaning of "necessarily incident" on its head. She argues, in essence, that because her participation was *not* necessary to crime, the exception applies to her. What the section says, however, is just the opposite—it applies *only* to conduct which is *necessarily* incident to the crime. Thus, if the conduct is not a necessary part of the crime, as plaintiff claims her conduct was not here, the exception does not apply.

This meaning of the statute is made clear by the Comment to the 1973 Proposed Code, which gives examples of how to apply the "necessarily incident" exception. The Comment first notes that Section 562.041.2(1) protects the victim of a crime from being found guilty as an accessory, as in the case of an underage girl who consents to sex with a man later convicted of statutory rape. The Comment then explains the exception for "necessarily incident" conduct, stating:

Subsection 2(2) extends the same protection to persons who do not fall neatly into the category of victims. For example, if a statute simply makes the giving of a bribe a crime should the recipient be guilty of a violation of that statute on the basis of aiding and abetting. If he should be, this should be covered in the statute on bribery. This subsection does not prevent his being criminally liable, it merely requires the statue defining the offense to so specify. The subsection does make it clear that it does not bar conviction for a related offense based on his own conduct, as, for example, if there were another statute making it a crime to receive a bribe.

Comment to 1973 Proposed Code § 562.041.

As one commentator has noted, using the same rationale, if a statute makes prostitution a criminal offense, a person soliciting that prostitute could not be found guilty under Section 562.041.2(2) based on aiding the prostitute because his conduct is "necessarily incident" to the crime of prostitution. The patron could, however, be found guilty under a separate statute which makes soliciting a prostitute a crime. *See* Carol A. Schwab, Comment, *Accomplice Liability Under the 1979 Missouri Criminal Code,* 44 Mo. Law Rev. 233 (1979).

These examples make clear that the "necessarily incident" exception refers to situations where the crime could not have been committed without the other person's participation. Here, Mr. Clark could have committed the rape without Ms. Bass' participation. Therefore, her conduct was not "necessarily incident" to the crime, and she does not fall within the exception to accessory liability.

## IV. DOUBLE JEOPARDY

Next, Ms. Bass claims that the motion court erred in denying her motion for postconviction relief on the ground that she was subjected to double jeopardy by being convicted of both child abuse and rape. She admits that Section 556.041 states, "When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense."

§ 556.041, RSMo 1986. She notes, however, that Section 556.041 nonetheless prohibits *conviction* (as compared to prosecution) of more than one offense in four situations, including when "[t]he offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." § 556.041(3), RSMo 1986. She claims that this exception is applicable here, because rape of a child is simply a specific instance of abuse of a child.[3]

■ We disagree for multiple reasons. First, as the State notes, Ms. Bass failed to raise her double jeopardy argument in her *pro se* or amended motions for post-conviction relief in the trial court; she raises it for the first time on appeal. We have recognized on numerous occasions that failure to timely raise a claim in the motion court constitutes a waiver of that claim. The Southern District of this Court recently applied this rule to hold that, even assuming a double jeopardy claim was otherwise valid, it was waived where the movant had failed to timely raise it in his post-conviction motion. *Rost v. State*, 921 S.W.2d 629, 635 (Mo.App. S.D.1996). We are inclined to agree with *Rost* that the movant is obliged to timely raise even a double jeopardy issue in her post-conviction motion in order to avoid waiver, and, accordingly, that Ms. Bass has waived the double jeopardy issue by failing to timely raise it below in her Rule 24.035 motion.

Ms. Bass argues that this Court nonetheless must meet the merits of her double jeopardy claim because, as we noted in *Reed v. State*, 778 S.W.2d 313, 318–19 (Mo.App. W.D.1989), double jeopardy goes to the court's jurisdiction and thus cannot be waived.

The State counters that, even if Ms. Bass did not waive her double jeopardy claim by failing to timely raise it below, numerous cases have held that the right to be free from double jeopardy is a personal right which can be waived by pleading guilty where, as here, the defendant recognizes that the State had the right to bring a charge under either statute, and it is simply the double-conviction to which the defendant objects. *See, e.g., State v. Gaver*, 944 S.W.2d 273, 279 (Mo.App. 1997); *State v. Rosendahl*, 938 S.W.2d 274, 277 (Mo.App.1997); *Rost v. State*, 921 S.W.2d 629 (Mo.App.1996). Since the facts supported both charges, Ms. Bass could have elected to go to trial on both charges, as well as on the charge of sodomy originally brought against her, and then argued at submission that the State had to elect which charges to submit since the rape and abuse charges were based on the same conduct. Instead, she chose to plead guilty to the charges of rape and abuse of a child in exchange for dismissal of a sodomy charge. She now seeks to keep the benefit of dismissal of the sodomy charge, yet avoid conviction of one of the two offenses to which she pleaded guilty. The federal courts agree that double jeopardy is normally waived in this type of situation. *See, e.g. Dermota v. United States*, 895 F.2d 1324, 1326 (11th Cir.), *cert. denied*, 498 U.S. 837, 111 S.Ct. 107, 112 L.Ed.2d 78 (1990); *United States v. Allen*, 724 F.2d 1556, 1558 (11th Cir.1984); *United States v. Pratt*, 657 F.2d 218, 220 (8th Cir.1981).

■ While we agree with the principles set out in the cases cited by the State, we also note that it is settled that, even where a plea of guilty has been entered, a claim of double jeopardy is not waived if, on the face of the record, "the charge is one which the State may not constitutionally prosecute." *Pratt*, 657 F.2d at 220. The Missouri Supreme Court has applied this rule in *Hagan v. State*, 836 S.W.2d 459 (Mo. banc 1992).

---

**3.** Ms. Bass admits that her prosecution for both rape and abuse of a child does not violate the "same element" test set out in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *See State v. Taylor*, 807 S.W.2d 672, 675 (Mo.App.1991); *Fults v. State*, 779 S.W.2d 688, 690 (Mo.App.1989). The Supreme Court reaffirmed this test in *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Under this test, if each offense does not contain an element that the other offense does not, the defendant may not be prosecuted for both. But, if each offense does contain an element that the other does not, then the defendant has not been subjected to double jeopardy. *State v. White*, 931 S.W.2d 825, 828 (Mo.App.1996).

The Court there recognized that, while a guilty plea given voluntarily waives all nonjurisdictional defects and defenses:

> The right to be free from double jeopardy, however, is a constitutional right that goes "to the very power of the State to bring the defendant in the court to answer the charge brought against him."

*Id.* at 461 (quoting *State v. Cody*, 525 S.W.2d 333, 335 (Mo. banc 1975), *overruled on other grounds, State v. Heslop*, 842 S.W.2d 72 (Mo. banc 1992)). Accordingly, *Hagan* held that "a guilty plea does not waive a subsequent claim of a double jeopardy violation if it can be determined from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence." *Id.* *Hagan* further instructed that in making this determination "the record that a reviewing court may consider ... consists solely of the State's information or indictment and the transcript of a movant's guilty plea." *Id.*

■ In accordance with *Hagan*, we thus review the informations and the guilty plea transcript below to determine whether they reveal that the sentencing court had no power to enter the conviction or impose the sentence. We find no indication of a lack of such power, for we find that on the face of the record the charge of rape against Ms. Bass does not appear to be simply a specific instance of the charge of abuse of a child. Indeed, an argument nearly identical to that offered by Ms. Bass was raised and rejected in *State v. Gordon*, 948 S.W.2d 673 (Mo.App. E.D. 1997), in which the defendant had pleaded guilty to both sodomy of his daughter and incest in connection with sodomy of his daughter. As *Gordon* noted in rejecting the claim that the sodomy charge was a specific instance of incest and hence could not be the basis for a separate conviction:

> The subsection (3) distinction between general conduct and specific instance of such conduct is not applicable here. The sodomy statute is directed to deviate sexual intercourse performed without the consent of the victim. The under fourteen aspect of the statute is a recognition that children under that age are not legally capable of giving consent to such sexual activities. Incest is directed at the interference with the family relationship arising from sexual activities by members of the family.... The crime of sodomy is delineated in Chapter 566 RSMo which deals with sexual offenses; the crime of incest is delineated in Chapter 568 which deals with offenses against the family. The offenses are not the same for double jeopardy purposes and multiple convictions and sentences are not prohibited by the statute.

*Gordon*, 948 S.W.2d at 676.

■ Similarly, here, the offenses of which Ms. Bass was convicted are not the same for double jeopardy purposes. In deciding whether double jeopardy is implicated, we look to the statutory elements of the offense, not the evidence at trial. *State v. Lane*, 791 S.W.2d 947 (Mo.App.1990). Ms. Bass was charged with rape in violation of Section 566.030 and the class B felony of abuse of a child in violation of Sections 568.060.1(1) and 568.060.3, RSMo Cum.Supp. 1992. Section 568.060.1(1) defines "abuse of a child" as knowingly inflicting "cruel and inhuman punishment upon a child less than seventeen years old." Subsection (3) of Section 568.060 makes the crime a Class B felony if in the course of the crime the defendant inflicts serious emotional injury. It is contained in the chapter governing offenses against the family. It is intended to prevent abusive and punitive conduct which causes serious emotional injury to the child.

By contrast, Section 566.030.3 defines rape as having sexual intercourse with a person under fourteen to whom the defendant is not married. It is included in the chapter governing sexual offenses. Although in this instance the rape occurred unwillingly and in an abusive manner, it is a crime even if it occurs with the child's consent. It is not just a specific instance of abuse of a child; it is a long-recognized independent criminal offense. The crime occurs even when the relationship is consensual and does not cause serious emotional injury or does not constitute cruel or inhuman punishment. Accordingly, we do not find that rape is simply a specific instance of abuse of a child, and accordingly we do not find that Ms. Bass' conviction of both crimes violated Section 556.041(3).

## V. FAILURE TO REQUEST SECOND MEDICAL EXAMINATION

■ Ms. Bass' final claim is that her trial counsel was ineffective by failing to request a second medical examination after an initial exam showed that she was competent to proceed with her guilty plea. Ms. Bass alleges that she was prejudiced by this failure because a second examination would have shown either that she was not competent to plead guilty or that she could not be held criminally responsible for her conduct.

■ In order to prove a claim of ineffective assistance of counsel, Ms. Bass must show by a preponderance of the evidence that her attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances and that she was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Storey*, 901 S.W.2d 886, 893 (Mo. banc 1995). To show prejudice, Ms. Bass must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* When the defendant pleads guilty, the issue of effectiveness of counsel is material only to the extent it affects whether the plea was given voluntarily and intelligently. *Hagan*, 836 S.W.2d at 463.

Numerous cases have held that counsel is not ineffective for failing to request a second mental examination just because the first examination found the defendant competent. *See State v. Milan*, 829 S.W.2d 123 (Mo.App. 1992); *Van Ralston v. State*, 824 S.W.2d 75 (Mo.App.1991); *Putney v. State*, 785 S.W.2d 562 (Mo.App.1990). "Absent perceived shortcomings in the mental evaluation report or any manifestation of mental disease or defect not identified by prior reports, the attorney representing the defendant in a criminal case is not compelled to seek further evaluation." *Baird v. State*, 906 S.W.2d 746, 749 (Mo.App.1995).

The rationale of these cases applies here. At the time of entering the guilty plea, Mr. Lowe had a copy of a mental health evaluation submitted by the Missouri Department of Mental Health. In this report, Dr. Michael Stacy stated that Ms. Bass suffered from mild mental retardation, but that she appeared "to possess an adequate understanding of the charges and proceedings against her and appears capable of assisting in [sic] her attorney in her own defense." Dr. Stacy then concluded that:

> there is no evidence that, because of mental disease or defect, the defendant would experience significant difficulty in understanding the charges and proceedings against her, in testifying in her own behalf, in attending to and confronting witness testimony, in understanding and exercising basic decisions and options, in communicating with counsel or otherwise meaningfully participating in criminal court proceedings.

Mr. Lowe was also aware that Ms. Bass was diagnosed with post-traumatic stress disorder, amphetamine dependent disorder, alcohol dependence disorder, major depressant recurring, mild retardation, and dependent personality disorder. He informed the judge of these facts at the guilty plea hearing, but stated at that time that he did not believe any of these things affected her ability to enter a plea. Mr. Lowe also testified at the post-conviction hearing that Ms. Bass appeared to be mentally limited, but that he did not believe she was incompetent to enter a plea.

At the post-conviction hearing, Dr. Elizabeth Kramer, a clinical psychologist, testified that she had performed a psychological evaluation of Ms. Bass in January of 1995. Dr. Kramer stated that Ms. Bass did not understand legal terminology very well, and that she had informed John Lowe, Ms. Bass's attorney, that Ms. Bass "was unable to understand legal terms, the ramification of legal terms, that she thinks in a very concrete and very literal fashion, and that she cannot understand high—even moderate levels of abstraction." Dr. Kramer never told Mr. Lowe, however, that Ms. Bass was not competent to enter a plea or that she was incompetent to understand the proceedings, although she had told him that Ms. Bass did not understand particular aspects of the case. Moreover, Dr. Kramer testified that she believed the initial medical examination was very thorough.

Based on this evidence, the motion court's finding that Mr. Lowe was not ineffective in failing to seek a second mental examination was not clearly erroneous. The evidence supported its conclusion that Mr. Lowe could reasonably have concluded that the first report was adequate and that Ms. Bass was competent to plead guilty and could be held criminally responsible for her conduct.

For all the foregoing reasons, the denial of Ms. Bass' Rule 24.035 motion for post-conviction relief is affirmed.

All concur.