# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3514

_____

United States of America,

           Appellee,

v.

Marquan L. Wilson, also known as
Marquawn L. Wilson,

           Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*
\*
\*

_____

Submitted: April 17, 2009
Filed: June 12, 2009 **(Corrected 6/16/09)**

_____

Before WOLLMAN, MELLOY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Marquan Wilson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court[1] found that Wilson was subject to the terms of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his three prior violent felony convictions. Accordingly, the district court sentenced Wilson to 180 months' imprisonment, the

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

mandatory minimum sentence under the ACCA. Wilson appeals his sentence, arguing that he should not have been subject to the ACCA because one of his three prior felony offenses—his conviction for child abuse under section 568.060 of the Missouri Revised Statutes—does not qualify as a violent felony under § 924(e)(2)(B). We affirm.

## I.    BACKGROUND

On July 31, 2007, Kansas City, Missouri police officers approached Wilson and Lonnie Delaney at a bus stop near East 30th Street and Wabash Avenue because they matched the description of two suspects wanted in connection with an armed carjacking. While the officers were arresting Delaney on an outstanding warrant, Delaney told the officers that Wilson had thrown a firearm under the bus stop seat before the officers had arrived. The police searched the area around the bus stop and recovered a .38 caliber revolver. Thereafter, Wilson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Wilson's Presentence Investigation Report ("PSR") recommended that the district court impose an enhanced sentence under the ACCA based on Wilson's prior felony convictions for unlawful use of a weapon in violation of Mo. Rev. Stat. § 571.030, child abuse in violation of Mo. Rev. Stat. § 568.060, and first degree assault in violation of Mo. Rev. Stat. § 565.050. Based on this enhancement and Wilson's acceptance of responsibility, the PSR calculated a total offense level of 30. Wilson's total offense level of 30, his criminal history category of VI, and the mandatory minimum sentence under § 924(e)(1) resulted in an advisory sentencing guidelines range of 180 to 210 months' imprisonment. At sentencing, Wilson objected to the ACCA enhancement, asserting that his prior conviction for child abuse under section 568.060 did not qualify as a "violent felony" under § 924(e)(2)(B). The district court overruled Wilson's objection, adopted the PSR's guidelines calculation, and sentenced Wilson to 180 months' imprisonment, the mandatory minimum sentence under the ACCA. Wilson appeals his sentence, again arguing that his prior conviction for child abuse does not qualify as a violent felony under the ACCA.

## II.    DISCUSSION

We review a district court's sentence in two parts:  first, we review for significant procedural error, such as improperly calculating the advisory sentencing guidelines range; and second, absent significant procedural error, we review for substantive reasonableness.  *United States v. Gall*, 552 U.S. ---, 128 S. Ct. 586, 597 (2007); *see United States v. Walker*, 555 F.3d 716, 721-22 (8th Cir. 2009) (classifying an error in applying the ACCA as procedural).  "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo."  *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009).  More specifically, we review de novo the question whether a crime constitutes a violent felony under the ACCA.  *United States v. Boaz*, 558 F.3d 800, 806 (8th Cir. 2009).

Under the ACCA, an individual who is convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and has three previous convictions for serious drug offenses or violent felonies is subject to a mandatory minimum sentence of 15 years' imprisonment.  *See* 18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year  . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

§ 924(e)(2)(B).

The first step in determining whether a crime constitutes a violent felony under the ACCA is to identify the proper category for which the defendant was convicted. *See Chambers v. United States*, 555 U.S. ---, 129 S. Ct. 687, 690 (2009) (noting that

the ACCA violent felony inquiry follows a categorical approach). Where the statute underlying a defendant's conviction criminalizes only one kind of behavior, our task is easy—that single category becomes the subject of the ACCA inquiry. Where, however, the statute of conviction criminalizes multiple kinds of behavior, we must identify the proper category that embraces the defendant's conviction. *Id.* at 690-91. Accordingly, a sentencing court "may look . . . to [the] charging document, plea agreement, jury instructions, or transcript of plea colloquy to determine [the] crime at issue." *Id.* at 691 (citing *Shepard v. United States*, 544 U.S. 13, 25 (2005)). The statute underlying Wilson's conviction, section 568.060, prohibits two categories of behavior: inflicting cruel and inhuman punishment upon a child, section 568.060.1(1); and producing child pornography, section 568.060.1(2). In this case, however, the parties agree that Wilson's child abuse conviction was based on subsection 1(1). *See* section 568.060.1(1) ("A person commits the crime of abuse of a child if such person: [k]nowingly inflicts cruel and inhuman punishment upon a child less than seventeen years old . . . .").

The second step in determining whether a crime constitutes a violent felony under the ACCA is to determine whether the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another" under § 924(e)(2)(B)(i), "is burglary, arson, or extortion, [or] involves use of explosives" under § 924(e)(2)(B)(ii), "or otherwise involves conduct that presents a serious potential risk of physical injury to another" under the residual clause in § 924(e)(2)(B)(ii). We will first consider whether section 568.060.1(1) satisfies the requirements of the residual clause because our conclusion in this regard makes further analysis unnecessary.

After the Supreme Court's decision in *Begay v. United States*, 553 U.S. ---, 128 S. Ct. 1581 (2008), we have held that an offense is a violent felony under the residual clause if it "[ordinarily] poses a similar degree of risk of physical injury *and* . . . typically involves conduct that is similarly purposeful, violent and aggressive when compared to the conduct involved in . . . the example crimes." *United States v.*

*Gordon*, 557 F.3d 623, 625 (8th Cir. 2009); *see Begay*, 128 S. Ct. at 1585-86. The Government argues that section 568.060.1(1) satisfies the ACCA's residual clause because the conduct proscribed by the offense ordinarily poses a serious potential risk of physical injury to another and typically involves purposeful, violent and aggressive conduct. Wilson, however, argues that the crime does not satisfy the ACCA's residual clause because an individual may commit the offense even if no substantial risk of physical injury is present, because section 568.060.1(1) was intended to prevent emotional abuse rather than physical abuse, and because the conduct involved in child abuse does not indicate a proclivity for violence or aggression.

Turning first to the residual clause's risk of injury requirement, we conclude that the crime of child abuse under section 568.060.1(1) ordinarily poses a similar degree of risk of physical injury as the enumerated crimes because the child abuse offender must "inflict[] cruel and inhuman punishment upon a child." Although we recognize that the "cruel and inhuman punishment" element in section 568.060.1(1) does not necessarily require physical injury, we have no problem concluding that in the *ordinary* case the infliction of cruel and inhuman punishment results in physical injury. *See James v. United States*, 550 U.S. 192, 207-08 (2007) ("[The] ACCA does not require metaphysical certainty. . . . One can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury . . . [b]ut that does not mean that [such violent crimes] are categorically nonviolent."). Furthermore, the fact that section 568.060.3(1) provides for an enhanced penalty where the child abuse results in a serious emotional injury does not undermine our conclusion that section 568.060.1(1) is directed primarily towards criminalizing child abuse that results in physical injury. *See* Mo. Rev. Stat. § 568.060.3 ("Abuse of a child is a class C felony, unless: (1) In the course thereof the person inflicts serious emotional injury on the child, . . . in which case the crime is a class B felony.").[2]

---

[2]We are similarly unpersuaded by Wilson's reliance on *State v. Dunson*, where the Missouri Court of Appeals, relying on its earlier decision in *Bass v. State*, stated that "[section 568.060(1)] is intended to prevent abusive and punitive conduct which

Because child abuse under section 568.060.1(1) ordinarily presents a serious potential risk of physical injury, we conclude that it involves the requisite level of risk to qualify as a violent felony under the residual clause.

We next consider whether child abuse under section 568.060.1(1) "typically involve[s] 'purposeful, violent, and aggressive conduct.'" *United States v. Williams*, 537 F.3d 969, 972 (8th Cir. 2008) (quoting *Begay*, 128 S. Ct. at 1586). We conclude that the offense satisfies *Begay*'s purposeful conduct requirement based on the offense's mens rea of *knowingly* inflicting cruel and inhuman punishment. *See United States v. Almenas*, 553 F.3d 27, 34 (1st Cir.) (holding that *Begay*'s purposefulness requirement was "easily met" because the challenged offenses both "require the offender to act *knowingly*"), *cert. denied*, 556 U.S. ---, 77 U.S.L.W. 3634 (2009). We also conclude that a violation of section 568.060.1(1), which requires the infliction of cruel and inhuman punishment, satisfies *Begay*'s requirement that the offense typically involves violent and aggressive conduct. Although we acknowledge that it is *possible* for an offender to violate section 568.060.1(1) without engaging in violent and aggressive conduct, our inquiry under the residual clause is focused on whether violent and aggressive conduct is *typically* involved. *See Gordon*, 557 F.3d at 625; *cf. James*, 550 U.S. at 207 ("[The] ACCA does not require metaphysical certainty."). Indeed, Wilson cited only one reported Missouri prosecution under section 568.060.1(1) that arguably did not involve violent and aggressive conduct. *See State*

---

causes serious emotional injury to a child." *State v. Dunson*, 979 S.W.2d 237, 243 (Mo. Ct. App. 1998) (citing *Bass v. State*, 950 S.W.2d 940, 946 (Mo Ct. App. 1997)). However, the court in *Bass* held that "abuse of a child in violation of Sections 568.060.1(1) *and 568.060.3* . . . is intended to prevent abusive and punitive conduct which causes serious emotional injury to the child." *Bass*, 950 S.W.2d at 946 (emphasis added). The *Bass* decision makes clear that the section 568.060.3 enhancement—rather than the section 568.060.1(1) offense itself—addresses situations involving the infliction of serious emotional injury. Moreover, the fact that section 560.060.1(1) may be intended, in part, to prevent serious emotional injury to a child does not mean that the typical conviction under it does not involve physical injury to a child—indeed, the two types of injury are not mutually exclusive.

*v. Esker*, 658 S.W.2d 49 (Mo. Ct. App. 1983) (affirming the defendant's child abuse conviction under section 568.060.1(1) for locking his girlfriend's seven-year-old son in their home's basement without adequate nutritional, medical, dental, educational or emotional care). Every other reported case involving prosecutions under section 568.060.1(1) clearly involves violent and aggressive conduct. *See, e.g.*, *State v. Still*, 216 S.W.3d 261, 263-66 (Mo. Ct. App. 2007) (noting defendant spanked children with a wooden paddle); *State v. Yeager*, 63 S.W.3d 307, 310 (Mo. Ct. App. 2001) (noting defendant must have dealt "a 'very, very forceful blow' to the [child's] head"); *State v. Silvey*, 980 S.W.2d 103, 105 (Mo. Ct. App. 1998) (noting defendant's multiple strikes to a child with a wooden paddle).

In summary, we conclude that child abuse under section 568.060.1(1) constitutes a violent felony under the ACCA's residual clause because it ordinarily poses a serious potential risk of physical injury and typically involves purposeful, violent and aggressive conduct. Thus, the district court did not commit a procedural error in concluding that Wilson's prior felony convictions qualified him for a sentencing enhancement under the ACCA.[3]

## III. CONCLUSION

For the foregoing reasons, we affirm the district court.

_____

---

[3]"After finding that the district court did not commit significant procedural error, as we have here, we would ordinarily review the substantive reasonableness of the district court's sentence." *United States v. Fischer*, 551 F.3d 751, 756 (8th Cir. 2008). However, because Wilson "did not provide any argument in his briefs regarding the reasonableness of his sentence, he is deemed to have waived this issue on appeal." *See id.*